M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of ejectment brought by Rector against Welch y plea, general issue. On the trial, the plaintiff gave, in evidence, a copy of a land certificate of the recorder of land titles, called a New Madrid certificate, and a copy of a survey made thereon of the land in question, authenticated by the certificate of the Surveyor General of Missouri and Illinois. It was objected, that the Surveyor’s certificate did not entitle the party to read the copies in evidence, but that the copies should he sworn copies, which objection the Court overruled. The plaintiff made out his chain of title, and proved the defendant to be in possession of the part of the land in question, and rested his case. The defendant prayed the Court to instruct the jury, that the action of ejectment could not be maintained on a New Madrid certificate, and location and survey thereon, which the Court refused; but instructed the jury, that the same was sufficient to maintain the action. The defendant then offered in his defence, a certificate of the purchase of the land in question, as a pre-emption, issued by the register of lands in the Howard district, to Eavid Kinkade, with a chain of title to himself, and prayed the Court to consider it as a bar to the plaintiff’s recovery, which was refused in evidence. We will first attend to those points on which the Court was right. That is, that the New Madrid certificate and survey thereon, if properly authenticated, will maintain the action of ejectment; we are of opinion, the action is maintainable on such evidence. That the recorder’s warrant gives the party a legal right to some land, and the survey gives him a legal right to the possession of the land surveyed, and this will maintain the action against a wrong doer. Secondly, we are of opinion, the Court erred in receiving the copies in evidence. The act of Congress says, the copy of a survey, when under the certificate of the Surveyor General, shall be evidence in the Courts of the United Slates, and in the Courts of the Territories. It does not attempt to speak of the State Courts, nor can it lawfully direct what shall be evidence in a State Court. Those copies should have been sworn copies. However, the act only speaks of copies of surveys, and says nothing about other copies. The reception of the copy of the warrant of the recorder, was clearly wrong. The remaining point in the case, which is of consequence, was not argued at the bar, nor made in the points relied on, and the cause will be reversed without attending to it. But the question is of such importance, that we deem it proper to decide it, also.
*239 The certificate of the register, of the right of pre-emption, should have been admitted by the Court, as prima, facia evidence, to bar the plaintiff’s right of recovery, but not as conclusive, for it would have been competent for the adverse p'arty to show it was procured by fraud, imposition, or that it issued on an insufficient state of facts; in either of which cases it should be regarded as having no effect against a survey, or a New Madrid certificate, made prior to its emanation.
The judgment of the Circuit Court is reversed, with costs.
Pettibone, J.
I do not give any opinion on the point, whether the certified copies of surveys, by the Surveyor General, were proper evidence.