PRATT and another *v.* ROSENFELD and another.

*(Circuit Court, S. D. New York.   June 14, 1880.)*

**1.** DESIGN PATENT NO. 7,914—PEARL BUTTONS ARRANGED BY DOZENS, ON CARDS, IN THREE ROWS OF FOUR—REV. ST. § 4929.—A design for a card of buttons, divided into spaces, covered with foil, by narrow bands, with a dozen of pearl buttons in rows of three by four to each space, is not a " new, useful and original shape or configuration of an article of manufacture," within the meaning of section 4929 of the Revised Statutes, relating to the granting of patents.

**2.** SAME — SAME — INVENTION. — Cards, for buttons, faced with foil and divided into spaces by bands, were well known and in common use prior to such design, and there was therefore nothing in this arrangement rising to the level of inventive skill.

In Equity.

*George C. Lay, Jr.*, for plaintiffs.

*Edmund Wetmore*, for defendants.

WHEELER, D. J.   This suit is brought upon design patent No. 7,914, for a design for a card of buttons, divided into spaces, covered with foil, by narrow bands, with a dozen of pearl buttons in rows of three by four to each space.

The statute (Rev. St. § 4929) authorizes the grant of a patent to any person who, by his own industry, genius, efforts, and expense, has invented and produced any new and original design for a manufacture, bust, statue, alto-relievo, or bas-relief; any new design for the printing of woolen, silk, cotton, or other fabrics; any new and original impression,

ornament, print, or picture to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture; or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof.

The subject of this patent is not covered by this statute unless it is included in the term "manufacture." The buttons are, however, the principal thing; and they are not changed at all, either in form or appearance, by the patented invention. It affects nothing but the card; and that is not a card for buttons, to be used for successive sets, but a card of buttons, which constitutes a mere method of putting them up for sale, to attract customers; not on account of anything at all about the thing sold, but wholly on account of the manner of arranging it for sale.

In *Langdon* v. *De Groat*, 1 Paine, C. C. Rep. 203, the invention was for folding thread and floss cotton in a manner different from the ordinary mode, whereby it would sell quicker and higher. The court said:

"The article itself undergoes no change; and the whole of the improvement—for it is a patent for an improvement—consists in putting up skeins of it, perhaps of the same size in which they are imported, decorated with a label and wrapper, thus rendering their appearance somewhat more attractive, and inducing the unwary not only to give it a preference to other cotton of the same fabric, quality, and texture, but to pay an extravagant premium for it.

"Now, that such contrivance—for with what propriety can it be termed a useful art, under the constitution—may be beneficial to a patentee, if he can exclude from the market all other retailers of the very same article, will not be denied; and if to protect the interest of the patentee, however frivolous, useless, or deceptive his invention may be, were the sole object of the law, it must be admitted that the plaintiff has made out a satisfactory title to his patent. But, if the utility of an invention is to be tested by the advantages which the public are to derive from it, it will not be perceived how this

part of his title is in any way whatever established. It is said that many ornamental things are bought, of no intrinsic value, to gratify the whim, taste, or extravagance of a purchaser, and that for many of these articles patents are obtained. This may be so, but in such cases there is no deception, no false appearance, and the article is bought to be used with all its decorations and ornaments, which may have been the principal inducements to the purchase, and which will last as long as the article itself."

In this case the buttons are to be used by the purchaser, but the card is not, either with them or by itself. The design does not apply to the manufacture proper, but only to the arrangement of it for sale. Putting an article into a more convenient form for sale, without changing its qualities or properties, is not patentable as an improvement in the article. *Glue Co.* v. *Upton,* 97 U. S. 3. So, merely changing the mode of keeping and presenting an article for sale, without changing its form or appearance, will not support a patent for a design. There should be something affecting the article itself. Further, cards for buttons, faced with foil and divided into spaces by bands, were well known and in common use. Those for pearl buttons may not have been divided into dozens, in rows of three by four, but they were divided so that dozens could be readily cut from the card, in two rows of six and one of twelve; and there were cards divided into spaces for several dozens by such bands as the patent describes; and cards of cloth buttons spaced for dozens in rows of three by four. With these things known, there was nothing rising to the level of inventive skill in arranging pearl buttons by dozens, on cards, in three rows of four.

Let a decree be entered dismissing the bill of complaint, with costs.