# IN RE APPEAL OF CHENEAU.

PATENT APPEALS; PATENTS; SUBSTITUTION OF MATERIALS NOT PATENTABLE.

1. Where the record in a patent appeal case shows a full and careful examination of the case to have been made by the Patent Office officials, all of whom reached the same conclusion, this court will be slow to interfere with that conclusion, and will not reverse the decision of the Commissioner except *for clear and obvious error.*

2. The substitution or adaptation of one well known material for another well known material in actual use, in order that better results may be produced, is not patentable, although the material proposed to be substituted is cheaper and preferable to the other.

3. A claim for a patent of an improved article of manufacture composed of pieces of pericarp of the cocoanut dried and covered with waterproof substance, *held* to be anticipated by patents heretofore granted.

Patent Appeals, No. 25. Submitted November 19, 1894. Decided January 11, 1895.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for a patent. *Affirmed.*

The FACTS are sufficiently stated in the opinion.

*Mr. Anthony Pollok* and *Mr. Philip Mauro* for the appellant:

The substitution of one material for another is patentable when some new and useful result, an increase of efficiency, or a decided saving in the operation, is clearly obtained thereby. *Hicks* v. *Kelsey,* 18 Wall. 670. Applying the rule laid down in that case to the present controversy, the appellant was clearly entitled to a patent.

In the following cases the substitution of one material or device for another has been considered by the courts and patents therefor sustained : *Colgate* v. *W. U. Tel. Co.,* 14 O. G.

943; *Colgate* v. *G. & S. Tel. Co.*, 16 O. G. 583; *Gandy* v. *Belting Co.*, 143 U. S. 589; *Magowan* v. *Belting Co.*, 141 U. S. 332; *Krementz* v. *Cattle Co.*, 148 U. S. 556; see also *Barbed Wire Fence Cases*, 143 U. S. 275; *Watson* v. *Stevens*, 57 Fed. Rep. 246; *Machine Co.* v. *Claflin*, 58 Fed. Rep. 353.

*Mr. Levin H. Campbell* for the Commissioner of Patents.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents, refusing a patent upon a claim of the appellant, Emanuel Cheneau, stated as follows:

"As an improved article of manufacture, a floating body, such as herein specified, composed essentially of pieces of the pericarp of the cocoanut dried and coated with water-proof substance, substantially as described."

This is a second modification and restriction of a previous claim which had been made, and which had been fully and repeatedly passed upon by the examiners in the Patent Office and rejected. The original claim was thus stated:

"1. A buoyant body or structure, such as specified, composed essentially of cocoanut husks, substantially as described.

"2. A buoyant structure, composed essentially of cocoa-nut husks coated, or covered with water-proof material.

"3. A buoyant structure composed essentially of cocoanut husks coated or covered with water-proof material and united into a coherent mass, substantially as described."

These claims were examined and re-examined by the examiners in the Patent Office, and uniformly rejected as not being patentable. They were rejected, 1st. Because there was no such invention shown as to entitle the appellant to a patent; and 2d, because the subject of the claim had been substantially covered by patents granted to previous patentees.

After the last rejection of the claim, the whole matter was gone over again by the primary examiner, the board of examiners in chief, and the Commissioner of Patents, and all with like result, and that was, that the claim was not patentable, and that the subject matter of the claim had been substantially anticipated by previous patentees. And where the record shows such full and careful examination of the subject matter of claim in the Patent Office, as that shown in the present case, by officers supposed to be, and who doubtless are, skilled and familiar with the state of the art, and with the scope and effect of previous claims by and patents granted to inventors relating to the same subject, an appellate court will be slow to interfere with their conclusions, and will not reverse them, except for clear and obvious error.

The errors assigned, upon the rulings of the officers of the Patent Office, are four, and are stated thus:

1. That the acting Commissioner erred in refusing to grant the patent as prayed. This is manifestly too general to be considered under the rules of this court. But—

2. The acting Commissioner erred in holding that the structure described and claimed does not differ substantially from prior devices described in the patents cited in said decision.

3. The acting Commissioner erred in holding that the structure described and claimed does not involve patentable invention and possess patentable novelty and utility.

4. The acting Commissioner erred in holding that a structure possessing advantageous properties in a higher degree than others previously known, is not patentable in law, and in holding that such differences in degree are not sufficient in law to warrant the granting a patent.

1. With respect to the want of invention to entitle the appellant to a patent, it would seem to be clear that the claim of the appellant is nothing more than a skillful adaptation or substitution of one well known substance or

material in nature, of definite properties, to produce like effect to that of another or other well known substance or material in actual use. The appellant states the object of his invention to be to secure greater buoyancy for such floating structures as buoys, life-preservers, boats, rafts, docks, and the like, and to attain greater economy in the manufacturing of these bodies. He claims that he attains all these objects by using, as defined by the claim, pieces of cocoanut husks dried and coated with a waterproof material, instead of cork or other light material heretofore used for like purposes. He claims that cocoanut husk is lighter and cheaper than cork, or any other known material, heretofore used for such floating structures or bodies. He alleges, as an important element in his claim, that the dried husk or pericarp of the cocoanut is not more than one-half the specific gravity of cork; and that its cost is greatly less, and its safety and efficiency, when used in such floating bodies, are greater than that of cork or other material heretofore used for such purposes.

The dried husk of the cocoanut is a well known article of commerce, and is used for various purposes; and its peculiar strength of fibre and lightness, are properties also well known. There is, therefore, no new discovery as to the properties of the material proposed to be used; nor is there any invention, in the sense of the patent law, in the preparation and application of the material. The material proposed to be used may be an improvement over or superior to the material at present in use for like purposes; but this of itself will not entitle the appellant to a patent. It is not every improvement produced by the adaptation or substitution of one well known material for another, in manufactures, that will entitle the party making the improvement to a patent. There must be an invention or discovery of that which is new and useful, within the meaning of the patent law, to entitle a party to a patent. Mere

improvement is not all that is necessary. This was expressly held, and fully illustrated, in the well known case of *Hotchkiss* v. *Greenwood*, 11 How. 248. That was a case of a patent granted "for a new and useful improvement in making door and other knobs, of all kinds of clay used in pottery, and of porcelain," by having the cavity in which the screw or shank was inserted, by which they were fastened, largest at the bottom of its depth, in form of a dovetail, and a screw formed therein by pouring in fused metal. In that case it was held, that the knob was not new, nor the metallic shank and spindle, nor the dovetail form of the cavity in the knob, nor the means by which the metallic shank was securely fastened therein ; and that the only thing new was the substitution of a knob made out of clay in that peculiar form, for a knob of metal or wood. And though this might have been a better or cheaper article, it was not the subject of a patent; and the patent granted therefor was consequently declared to be void.

In the opinion of the court, at page 266, it is said : " Now, it may very well be, that, by connecting the clay or porcelain knob with the metallic shank in this well known mode, an article is produced better and cheaper than in the case of the metallic or wood knob ; but this does not result from any new mechanical device or contrivance, but from the fact that the material of which the knob is composed happens to be better adapted to the purpose for which it is made. The improvement consists in the superiority of the material, and which is not new, over that previously employed in making the knob.

" But this, of itself, can never be the subject of a patent. No one will pretend that a machine made, in whole or in part, of materials better adapted to the purpose for which it is used than the materials of which the old one is constructed, and for that reason better and cheaper, can be distinguished from the old one ; or, in the sense of the patent law, can entitle the manufacturer to a patent.

" The difference is formal, and destitute of ingenuity or invention.   It may afford evidence of judgment and skill in the selection and adaptation of the materials in the manufacture of the instrument for the purposes intended, but nothing more."

The case just referred to and quoted from was followed in the case of *Hicks* v. *Kelsey*, 18 Wall. 670, and the same principle applied to its fullest extent.   And so in the more recent case of the *Glue Co.* v. *Upton*, 97 U. S. 3, the same principle was applied ; and in this last case the court said : " Where certain properties are known to belong generally to classes of articles, there can be no invention in putting a new species of the class in a condition for the development of its properties similar to that in which other species of the same class have been placed for similar development; nor can the changed form of the article from its condition in bulk to small particles, by breaking or bruising or slicing or rasping or filing or grinding or sifting, or other similar mechanical means, make it a new article, in the sense of the patent law."

It may therefore be fully conceded that the improvement upon which the claim of the appellant is founded is valuable, and that such value consists principally in the superiority of the material for the uses to which it is applied, over material now used for similar purposes.   But the material is not new, and the substitution or adaptation of the material, to take the place of other material heretofore used, is not the subject of a patent; though, as we have seen, it may be cheaper and in other respects preferable to cork, bark, light wood, or other similar material having small specific gravity.

But apart from the want of invention to entitle the appellant to a patent, the claim here made seems to be fully covered by the patents referred to by the examiners, and by the acting Commissioner in their respective opinions.   The Cogswell patent of January 16, 1873, and that of De la Barriere of April 8, 1890, would seem to have substantially anticipated the claim of the appellant; and that, if for no other reason,

would make it improper to grant the patent on the claim of the appellant.

The court, therefore, will affirm the rulings and order of the Commissioner of Patents, and cause to be returned to the Commissioner of Patents, a certificate of the proceedings and decision of this court, to be entered of record in the Patent Office, as directed by the statute ; *and it is so ordered.*

*Rulings and order affirmed.*