## BURT *v.* RUBLEY.

1. A statement in an entry of levy that the defendant in execution was in possession at the date of the levy is prima facie evidence of that fact.
2. Proof that title to the property levied on was, at the date of the levy, in a person other than the defendant in execution, and that the claimant acquired title since the filing of the claim, will not authorize a verdict in his favor.

Argued June 20, — Decided July 23, 1901.

Levy and claim. Before Judge Estes. Habersham superior court. October 8, 1900.

*J. C. Edwards, J. D. Kilpatrick,* and *M. T. Perkins,* for plaintiff. *Robert McMillan* and *Hubert Estes,* contra.

Cobb, J. This was a claim case in which W. H. Burt was plaintiff in execution, N. Kuhnen defendant in execution, and John Rubley claimant. The plaintiff in execution introduced in evidence

the execution, which was issued in April, 1896, and recited that it was based on a judgment rendered August 24, 1895. This execution was properly recorded in the general execution docket in April, 1896. An entry of nulla bona, dated July 2, 1896, appears on the execution. On September 25, 1899, the levying officer, after making an entry on the execution reciting that no personal property could be found, levied the execution on the land now in controversy. The entry of this levy recited that the property levied on was in the possession of the defendant in execution at the date of the levy. The claim was interposed November 24, 1899. The claimant introduced in evidence a deed from N. Kuhnen to John Rubley, dated June 25, 1898, and recorded January 3, 1899. Also, a deed from N. Kuhnen to Mrs. A. M. Kuhnen, his wife, dated November 27, 1894, and recorded September 25, 1899. Also, a deed from Mrs. A. M. Kuhnen to John Rubley, dated July 9, 1900. The plaintiff in execution then introduced in evidence a deed from Kimsey to N. Kuhnen, dated October 27, 1887, and recorded December 20, 1888. The court directed a verdict in favor of the claimant, and the plaintiff in execution filed a motion for a new trial, which was overruled, and he excepted.

1. "It is the duty of the sheriff to state in his entry of levy who was in possession of the property at the time of the levy, and his entry is evidence upon that point." *Lamkin* v. *Clary*, 103 *Ga.* 635, citing *Williams* v. *Hart*, 65 *Ga.* 201. As possession is prima facie proof of ownership, the evidence offered by the plaintiff in execution was sufficient to cast upon the claimant the burden of showing that the property levied on was not the property of the defendant in execution, but was that of the claimant. Civil Code, § 4624.

2. Was this burden successfully carried? A claimant must recover on his own title, and proof of title outstanding in a third person at the date of the levy is not sufficient. *Thompson* v. *Waterman*, 100 *Ga.* 586, and cases cited. Nor can a recovery be had by the claimant on a title acquired by him after issue joined. *MacIntyre* v. *Ferst*, 101 *Ga.* 682; *Oatts* v. *Wilkins*, 110 *Ga.* 319. Applying these principles to the facts of the present case, what is the result? The claimant offered in evidence, first, a deed from the defendant in execution to himself, dated in 1898, long after the judgment was rendered and the execution issued and recorded on

the general execution docket. The lien of the judgment had attached to the property before this deed was made, and consequently it interposed no obstacle to the levy and sale of the property under the execution. So that, even if the deed of 1898 is superior to the deed of Kuhnen to his wife, dated in 1894, but not recorded until the day of the levy, it can not be relied upon to defeat the plaintiff's lien. The claimant can not rely on his deed from Mrs. Kuhnen executed in July, 1900, because this was after the claim was interposed. Nor can he recover the property on the theory that title was in Kuhnen's wife at the date of the levy. He must show a title in himself at that date, which is superior to the lien of the plaintiff's judgment. The plaintiff in execution having by his evidence made out a prima facie case, and the claimant having failed to offer evidence sufficient to overcome this prima facie proof, it was error to direct a verdict in favor of the claimant, but a verdict should have been directed finding the property subject to the execution. *Judgment reversed. All the Justices concurring.*