## McCALL *v.* ASBURY *et al.*

No. 13319.   JUNE 13, 1940.

*Matthews, Owens & Maddox,* for plaintiff.

*Maddox & Griffin,* for defendants.

GRICE, Justice. J. T. McCall filed his application to register title to a certain lot of land in Floyd County, Georgia. Objections thereto were filed separately by Thomas W. Asbury and W. L. Asbury. The matter was referred to an examiner, whose final report was in effect a disallowance of the application to register. Exceptions thereto were filed by McCall. The exceptions were overruled, and the judge confirmed the report of the examiner denying registration. McCall excepted. This opinion will deal only with questions which are deemed controlling.

The preliminary report of the examiner contained the following: "I attach an abstract of title (Schedule A) as shown on the public records and so far as obtainable from other trustworthy sources." Schedule A showed deeds from Henry Strickland to George W. Thomas; from George W. Thomas to Seaborn J. Johnson; from Seaborn J. Johnson to James U. Horn; from James W. Horn to G. B. Adair; from G. B. Adair to Southern Title Guaranty Co.; from Southern Title Guaranty Co. to C. Edward Davis; and from C. Edward Davis to J. T. McCall; all of which were warranty deeds duly recorded, all purporting to convey the lot in question. On the hearing the applicant for registration formally introduced the preliminary report of the examiner, a certified copy of a plat and grant from the State to Henry Strickland (no objections being offered to its introduction), and the original deed from C. Edward Davis to J. T. McCall. The objectors did not ask that their title be registered, but assailed the right of the applicant, McCall, to register his title. While certain testimony was introduced in relation to possession, it was not insisted that either the applicant or the objectors had a title by prescription. On the hearing the applicant did not offer in evidence any of the deeds shown in the abstract as reported by the examiner, except the deed from Davis to McCall, the applicant. It is his insistence that, having shown a plat and grant into Strickland, and the preliminary report of the examiner containing the abstract of a chain of title into the applicant, and the applicant having introduced in evidence the deed from Davis to him, he was entitled to have his land

registered. The basis of his contention is a statement in the land-registration act, now codified as § 60-302 of the Code, which, in referring to the preliminary report of the examiner, declares that "the said report shall be prima facie evidence of the contents thereof." In so far as the act as thus codified makes the filing of the report prima facie evidence of the contents thereof, it is an innovation with respect to the method of proving title to land. There is no similar provision in the uniform land-registration act, and, so far as our investigation goes, in no land-registration act of any of the States. The words quoted are in the Georgia act and can not be read out of the act. Our problem is to determine their meaning as applied to the record before us. In 2 Bouvier's Law Dictionary, 739, under the definition of the words "prima facie," the author illustrates its meaning as follows: "Prima facie evidence of fact is in law sufficient to establish the fact, unless rebutted. 6 Pet. 622, 632 [8 L. ed. 523]; 14 Id. 334 [10 L. ed. 481]; See, generally, 7 J. J. Marsh. 425; 3 N. H. 484; 7 Ala. 267; 6 Rand. 701; 1 Pick. 332; 1 South. 77; 1 Yeates, 347; 2 N. & M'C. 320; 1 Mo. 334; 11 Conn. 95; 2 Root, 286; 16 Johns. 66, 136; 1 Bail. 174; 2 A. K. Marsh. 244; 97 U. S. 3." In 6 Words and Phrases, under the heading "Prima Facie Evidence," we find the following: "Prima facie evidence of a fact, says Mr. Justice Story, is such evidence as, in the judgment of the law, is sufficient to establish the fact, and, if not rebutted, remains sufficient for that purpose. Crane v. Morris, 31 U. S. (6 Pet.) 598, 611, 8 L. ed. 514 (cited in Lilenthal's Tobacco v. United States, 97 U. S. 268, 24 L. ed. 901); State v. Roten, 86 N. C. 701, 703; United States v. Wiggins, 39 U. S. (14 Pet.) 334, 347, 10 L. ed. 481; Blough v. Parry, 43 N. E. 560, 564, 144 Ind. 463; Smith v. Burrus, 106 Mo. 94, 100, 16 S. W. 881, 13 L. R. A. 59, 27 Am. St. Rep. 329." The view urged upon us by counsel for the defendants is, that, "in proving such title as will entitle an applicant to registration and a decree in his favor, the same rules of law apply as in suits for the recovery of possession of land in ejectment or statutory complaint for land." The quotation is taken from the case of *Thomasson* v. *Coleman*, 176 *Ga.* 375 (167 S. E. 879). But the context shows that the quoted statement was made immediately after pronouncement that "Every applicant for the privileges and benefits offered by the land-registration act must stand upon the

strength of his own application, and not upon the weakness of his adversary's title." The learned Chief Justice was not laying down rules of evidence, but was referring to the substantive law; and we do not think the authorities sustain the position of the defendants. The only reference we have found to a discussion of the provision of the law which declares that the preliminary report shall be prima facie evidence of the contents thereof, is in *Crowell* v. *Akin,* 152 *Ga.* 126 (108 S. E. 791, 19 A. L. R. 50). The precise point here involved was not in that case, but in the opinion it was said: "Section 20 of the act contemplates that the independent findings of the examiner may be incorporated in his final report, and the independent findings of the examiner as reported by him are to be taken as prima facie true. This is said to offend the due-process-of-law clauses of both the State and Federal constitutions. It is said that this is against the law of the land. Returns, reports, and certificates of sworn public officers have in many instances been declared to be prima facie evidence of the facts to which such returns, reports, and certificates relate. One example will suffice: Under the Civil Code (1910), § 5170, the burden of proof in a claim case is 'upon the plaintiff in execution, in all cases where the property levied on is, at the time of levy, not in the possession of the defendant in execution.' Where the entry of levy made by the officer recites that the defendant in execution was in possession of the property at the time of the levy, the recital is prima facie true and determines the burden of proof. *Burt* v. *Rubley,* 113 *Ga.* 1144 (39 S. E. 409). Though possession of and title to land are involved, the rule of evidence is undoubtedly within the power of the legislature. See *Vance* v. *State,* 128 *Ga.* 661 (57 S. E. 889). The provisions of section 16 of the act are considered by Judge Powell in his work on 'Land Registration' in sections 80-87, inclusive. The purpose of the preliminary report, and how far it is prima facie evidence of the 'contents thereof,' are pointed out. The provisions of section 20 of the act relating to the functions and duties of the examiner on the hearing, and to the special powers of the examiner, are considered by the author in sections 89-95, inclusive. As said above, it is within the power of the legislature to make the report of a sworn public officer prima facie evidence of the facts to which the report relates, so far as it relates to facts within the

scope of the officer's duties." Unless we read out of the statute the words that "the said report shall be prima facie evidence of the contents thereof," it must be held that when the report is put in evidence the party offering it has offered sufficient proof of the deeds therein referred to. While not precisely in point, see 59 C. J. 1106, § 50, wherein it is stated: "Under a statute which requires that abstracts of title and the searches made and used by the official examiner be filed with the certificate of title, they are presumptive evidence of the original documents and records, presumptively establishing allegations of fact in pleading to which mere denials have been interposed, and the applicant may rely upon such evidence upon the trial, without other proof, unless defendant should deny the statements of fact and demand that the ordinary rules of evidence and proof should apply to the matters so controverted, in which case the applicant would be required to establish such facts by common-law proof."

■ It is, however, the insistence of counsel for the defendants, that, even assuming the correctness of the above views, the preliminary report of the examiner does not show title in the applicant, for that the abstract attached to the report shows a deed from Seaborn J. Johnson to James U. Horn, and there never appears any record of a deed from James U. Horn; but that the next link in the title shows a deed from James W. Horn, and that there is no evidence that James U. Horn and James W. Horn are one and the same person. In *Banks* v. *Lee,* 73 *Ga.* 25, it was held: "The middle initial of the name of a grantor in a deed is generally immaterial." In *Hicks* v. *Riley,* 83 *Ga.* 332 (9 S. E. 771), it was ruled: "The law does not regard the middle name or initial of a person as material, unless it be shown that there are two persons of the same first name and surname. Hence where the declaration was in the name of George S. Riley, and the verdict was for George S. Riley, but the judgment was in the name of George R. Riley, while the execution issued in the name of George S. Riley, the difference between the verdict and execution and the judgment was immaterial. And the passage of an order amending the judgment from George R. to George S. was an immaterial amendment, and did not vitiate the levy." See *Clements* v. *Wheeler,* 62 *Ga.* 54; *Timberlake* v. *State,* 100 *Ga.* 66 (27 S. E. 158) ; *Roe & McDowell* v. *Doe,* 32 *Ga.* 39.

■ Finally it is insisted that an affidavit of forgery was filed by defendants; and hence that the burden still remained on the applicant to prove the genuineness of certain of the deeds shown in the abstract. "A registered deed shall be admitted in evidence in any court without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the case will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." Code, § 29-415. No better statement of the rule can be had than that given by Judge Powell in his treatise on Actions for Land, § 205, which in part is as follows: "In a sense, the effect of filing the affidavit of forgery is to change the burden of proof as to registered deeds. That is to say, whereas primarily the party offering a deed has the burden of proving its execution, he may, in the absence of the affidavit, shift this burden by showing its regular registration, thereby making such a prima facie case of genuineness that throughout the trial the deed is to be given the probative weight to which a genuine deed is entitled, unless the further proof overcomes this presumption thus prima facie raised in its favor. If the deed is duly recorded and no affidavit of forgery is filed, the burden of disputing its genuineness rests upon the party against whom the deed has been admitted; though in the ultimate sense the burden of establishing the execution of the deed is upon the party offering it, throughout all the exigencies of the trial."

But was there an affidavit of forgery? In the objections filed it was distinctly alleged that the deeds of Seaborn J. Johnson to James U. Johnson, dated November 15, 1885, and being link 3 in the abstract of title, and that of James W. Horn to G. B. Adair, dated December 4, 1885, are both forgeries and were not executed and delivered by the parties. This is not an affidavit of forgery. In *Webb* v. *Till*, 134 *Ga.* 388-390 (67 S. E. 1034), it was said: "The Civil Code, § 3628, declares that a registered deed shall be admitted in evidence without further proof, unless an affidavit of forgery is filed. In that event, the court will arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed. This provides a method for trying the genuineness of a deed before it is admitted in evidence. . . . The proceeding is purely statutory, and not exclusive of the right to attack a deed.

although it may be admitted in evidence. Properly speaking, an affidavit of forgery was not a part of the objection to the partitioning, and should not have been offered as an amendment thereto." Our conclusion is that no affidavit of forgery was filed. The applicant showed a prima facie right to have his title registered.

There are other exceptions in the record, but the foregoing rulings are controlling of the case.

*Judgment reversed. All the Justices concur.*