Wilson vs. Danforth.

EDWARD H. WILSON, plaintiff in error, *vs.* JACOB DAN-FORTH, administrator, defendant error.

1. In this State an attachment will lie against a foreign corporation, even though it be not doing business here. Section 3213 of Irwin's Revised Code, authorizing attachments against foreign corporations doing business in this State, is cumulative only, and is intended to allow the writ of attachment against a foreign corporation, even though it have a place of business here, and may, therefore, be sued here by ordinary process.

2. An announcement of the Judge that he will hear a motion to take a judgment in a case, when no motion is made and granted, is not such a judgment or decision as may be excepted to.

3. If a declaration contain a good and legal cause of action in one count, the whole action should not be dismissed because the declaration in another count sets forth a cause of action which is illegal and void.

Attachment. Corporations. Judgment. Bill of exceptions. Pleading. Before Judge GIBSON. Richmond Superior Court. October Term, 1872.

On the 11th of December, 1863, Wilson sued out an attachment against the Bank of Louisiana, based upon the following affidavit:

"STATE OF GEORGIA—RICHMOND COUNTY.

"Personally appeared Edward H. Wilson, who being duly sworn, saith that the Bank of Louisiana, the same being an incorporated company under and by virtue of the laws of the State of Louisiana, is indebted to this deponent in the sum of $78,581 62, besides interest, and that the said Bank of Louisiana resides out of the State of Georgia.

(Signed)                "EDWARD H. WILSON.
"Sworn to before me, this 11th day
    of December, 1863.
(Signed)        "AUGUSTUS D. PIQUET, J. P."

The declaration in attachment was filed at the first term of the Court, based upon four bills of exchange, all of them in the following words, varying only in amount:

"FIRST EXCHANGE BANK,
"$25,000 00.          "New Orleans, 11th October, 1862.
"At sight of this first of exchange, second unpaid, pay to the order of E. H. Wilson $25,000 00 in coin, value received, and charge the same to account of this bank.
(Signed)          "AUGUSTUS MONTREAL, Cashier.
"To R. M. DAVIS, Esq., President,
                    Columbus, Georgia."

"I hereby waive protest and damages as per agreement this day.          (Signed) .          E. H. WILSON."

Garnishment process issued to Thomas S. Metcalf, who answered that he was not indebted to the defendant, nor had he had any of its assets in his hands. A traverse was duly filed.

At the April term, 1871, the plaintiff amended his declaration by adding three counts, the first being for $78,581 62, besides interest, money had and received for plaintiff's use. The second being for the same amount upon an account stated.. The third for $106,969 05 in gold, based upon a judgment obtained at a Circuit Court of the State of Alabama, held in the county of Montgomery, of said State, on August 17th, 1867, in favor of the plaintiff against the said defendant.

At the October term, 1872, the plaintiff moved for a judgment against the said defendant "to be made out of such property or funds as should be brought into Court through the garnishments issuing in said cause." The Court "thereupon granted the said motion to be heard, announcing that he would allow the judgment unless cause was shown to the contrary." As cause why such judgment should not be rendered, Danforth, as administrator of Metcalf, the garnishee, who had in the meantime died, the defendant never having

appeared, moved to dismiss the attachment proceedings upon the following grounds:

1st. Because the affidavit to obtain said attachment against the said defendant, it (the said defendant) being an incorporation not incorporated under the laws of this State, did not contain an allegation that the said defendant was transacting business within this State at the time of the making of the said affidavit.

2d. Because the cause of action declared in the declaration filed in said cause was illegal, contrary to law, in violation of the Non-intercourse Act of Congress, passed during the late civil war in the United States, and, therefore, void and not to be enforced.

After argument had upon the said motion of the said garnishee, the Court sustained the same, and dismissed the attachment aforesaid upon the first ground; whereupon plaintiff excepted.

And the garnishee also excepted upon the following grounds:

1st. Because the plaintiff was allowed to move for judgment against defendant before it was ascertained and determined that the garnishee had in hand money or property to be reached by the judgment.

2d. Because the Court refused to dismiss the case on the ground that the cause of action declared on was illegal, and one prohibited by law; the bills having been drawn within the Federal lines of occupation upon a person at the time within the Confederate lines.

Error is assigned by the plaintiff and the garnishee upon the aforesaid grounds of exception.

CHARLES N. WEST, by JACKSON & CLARKE, for plaintiff in error.

WILLIAM T. GOULD; FRANK H. MILLER, for defendant.

Wilson *vs.* Danforth.

McCay, Judge.

This Court, in 5 *Georgia*, 531, held in general terms, that a foreign corporation, owing a debt, was a debtor residing out of this State, and that an attachment would lie against it. And this was in accord with the current of decisions in the United States: See Drake on Attachments. The Code, section 3191, follows in this respect, in terms, the Act of 1799, under which this decision was made.

The first ground of attachment is, "when the debtor resides out of this State." If this were all, the decision in 5 *Georgia*, 531, would be conclusive. But it is contended that section 3213 of the Code qualifies the general provisions of 3191. The language of 3213 is: "Attachments may issue against incorporations not incorporated by the laws of this State, *who are transacting business within this State*, under the same rules and regulations as are by the Code prescribed in relation to issuing attachments and garnishments in other cases." At a first reading it might be supposed that it *was* the intent of the codifiers to provide as contended for; but after much reflection, we are of opinion that this section was not so intended.

It is a proper rule for the interpretation of the Code, as we have frequently held, that it will not be presumed to change the old law, unless the intent be plain. Without doubt the old law, as laid down in 5 *Georgia*, 531, gave the right to issue attachments against foreign corporations generally, and section 3191, being the old law in terms, would give the same right. So that by the Code we have by section 3191, the right generally, and this without any reference at all to section 3213. The case stands, then, as though there were an authority to attach a foreign corporation in general terms, and, besides this, the provisions of sections 3213. Would two such provisions be consistent with each other? Can section 3213 stand in full force, and yet the right to attach a foreign corporation, not doing business here, exist? Of this we have no doubt. A foreign corporation, with an office doing business here, can be sued. It is, in some senses, a resident. And it

was, doubtless, for this reason that section 3213 was adopted. It was intended to authorize an attachment against a foreign corporation, even though it might be sued here. The property of a foreign corporation, even when it has a place of business here, is always of a movable nature, consisting, generally, of debts due it, and a judgment against it is very difficult of execution, and the intent of the statute was to authorize an attachment even in cases where there was an agent here to be served.

Perhaps, also, there was another intent in this section, to-wit: to provide, that if the corporation was doing business here, the attachment might, by proper proceedings by either party, be turned into a common suit, by notice or bond, under sections 3223 and 3243 of Irwin's Revised Code. In either view of it, section 3213 can have its full force and literal effect, and section 3191 still stand, even as against foreign corporations. We think, therefore, there was error in dismissing this attachment for want of the statement in the affidavit that the corporation was doing business in this State.

Whatever may be the legality or illegality of the plaintiff's claim, as it may appear by the proof, the declaration contained legal counts, and ought not to have been dismissed because of the bad count. The money counts went into no detail, and were for money generally.

We do not decide the other points made, to-wit: Whether the plaintiff was authorized to take judgment against a defunct corporation, before it was ascertained whether there were any effects, for the simple reason that no judgment was taken, nor so far as the record shows, any motion made for a judgment. The statement of the Court of his opinion, was no decision on which a bill of exceptions will lie. There was no judgment of the Court, and any opinion by this Court would neither affirm nor reverse any judgment of the Court below. See the case of *Farrow vs. The State*, at this term.

Judgment reversed.