The Mississippi Central Railroad Company, plaintiff in error, vs. Henry B. Plant, defendant in error.

1. Affidavit for attachment need not disclose that the defendant is a corporation, though such be the fact. Residence beyond this state implies that the debtor is not a domestic corporation.
2. Declaration in attachment, which counts upon a promissory note, is not amendable by adding a count on a judgment recovered in another state upon the same note, after the declaration here was filed. The judgment is a new and distinct cause of action.
3. Whether, notwithstanding the general doctrine of merger, recovery may still be had, in the attachment suit, on the note itself—*Quaere?*

Attachment. Corporations. Amendment. Before Judge Tompkins. Richmond Superior Court. October Term, 1876.

On March 14th, 1876, Plant sued out an attachment against the Mississippi Central Railroad Company for $20,000.00, which was levied upon two hundred and thirty-seven shares of stock in the Southern Express Company. The suit was based on a promissory note for $32,000.00, dated May 2d, 1866, payable to the order of Plant, president of the Southern Express Company, and signed "For the Mississippi Central Railroad Company, W. F. Mason, treasurer." In the declaration which was filed, the plaintiff alleged that the note was admitted to be due on February 5th, 1876, and payment promised in writing. When the case came on to be heard, defendant moved to dismiss the attachment upon the ground that the affidavit upon which it issued did not allege that the Mississippi Central Railroad Company was a corporation, nor under what law, if any, it was incorporated. The motion was overruled and defendant excepted.

The defendant then pleaded as follows:

1st. Statute of limitations.

2d. Former judgment in favor of plaintiff against defendant, upon same cause of action, in the United States court for the northern district of Mississippi, which was rendered since the commencement of this suit.

Plaintiff moved to amend his declaration by adding a count on the aforesaid judgment. To this defendant objected on the ground that the taking of said judgment was a bar to the further prosecution of the case on the note, and that the amendment proposed was a new and distinct cause of action. The court allowed the amendment, and the defendant excepted.

Under this ruling, defendant conceded that plaintiff was entitled to a verdict. A verdict was taken, and judgment rendered accordingly.

The defendant assigns error upon each of the aforesaid grounds of exception.

J. C. C. BLACK, for plaintiff in error.

FRANK H. MILLER, by brief, for defendant.

BLECKLEY, Judge.

1. Though the debtor be a corporation, the affidavit in attachment need not describe it as a .corporation, (55 *Ga.* 672,) nor allege where or by what authority it was incorporated, residence beyond the limits of this state being alleged according to the Code, §§3264, 3265.

2. When the declaration in attachment is on a promissory note, the plaintiff cannot amend by adding a count on a judgment rendered on the same note in another state, after the attachment here was sued out and the declaration filed. The judgment is a new and distinct cause of action. 3 *Kelly* 426; Code, §3480.

3. Whether, notwithstanding the general doctrine of merger, and notwithstanding the plea of the statute of limitations, the plaintiff can recover upon his declaration as it stood prior to the allowance of the amendment, was not decided by the court below, and, therefore, is not decided by this court.

Judgment reversed.