RICHARDSON *et al.*, executors, for use, *vs.* ALLEN.

Where an injunction was obtained against one who was the agent of a third party, enjoining him from interfering with certain land, and the complainant was required to give a bond to pay all damages that might accrue to the defendant by reason of continuing the injunction, after the bill had been dismissed by the complainant, suit could be brought on the bond, in the name of the payee therein for the use of his principal, for any damage which might

have accrued to the latter by reason of the continuance of the injunction.

(*a.*) While the contract of suretyship is one of strict law, yet the surety obligates himself for the performance of his principal's undertaking, so long as the principal remains bound therefor, and so long as the surety is not released by some act of the creditor.

(*b.*) The person for whose use the bond was taken might proceed in equity for the recovery of damages in his own name, and, with proper averments, he may proceed at law in the name of the payee for his use

(*c.*) The right of action on the injunction bond accrued when the complainant dismissed his bill, whether he did so with or without the leave of the court.

(*d.*) Damages for the rents, issues and profits of the land, together with the waste committed on it while the owner or his agent was kept out of possession by the continuance of the injunction, may be recovered under the bond, and also such reasonable counsel fees as he was compelled to expend in order to rid himself of such injunction.

February 24, 1885.

Injunction. Bonds. Principal and Agent. Principal and Surety. Equity. Actions. Damages. Before Judge FORT. Lee Superior Court. November Term, 1884.

Reported in the decision.

B. P. HOLLIS; G. W. WARWICK, for plaintiffs in error.

HAWKINS & HAWKINS, for defendant.

HALL, Justice.

This was a suit upon an injunction bond, at the instance of the executors of the payee in the bond, who prosecuted it for the use and benefit of a third person. The penalty of the bond was $1,000, and had thereunder written a condition to the effect that the complainant in the bill had procured an injunction returnable to the March term, 1876, of the superior court of Lee county, restraining the defendant from doing certain acts therein described, in relation to a plantation in said county, known as the McLeod

place; that a motion had been made to dissolve the injunction, and upon the hearing of the motion, the injunction had been continued, upon condition that complainant gave bond to pay all damages that might come to defendant by reason of continuing the injunction; therefore, if the complainant paid such damages, then the bond was to be void. The principal breaches of the condition alleged were that the complainant wasted the land for three years and more, kept the defendant out of possession, deprived him of the rents, issues and profits, and caused him to incur heavy expenses, as counsel fees, etc., in defending the injunction, and at the end of that time voluntarily abandoned and dismissed the suit, though he still retained possession of the premises for several years; that the retention of the possession was fraudulent, and the injunction was procured for the fraudulent purpose of ousting the defendant and keeping him out of a possession which he held as the agent of the true owner, who was the usee in this action. To this suit the defendant, who, as one of the sureties of the complainant in the bill on which the injunction was ordered, was alone sued, demurred in writing, because the declaration was insufficient in law; that he only obligated himself by the bond to answer all damages that the payee thereof might sustain, and the declaration nowhere alleges any loss or damage to him; because the party for whose use the suit is brought is the real plaintiff therein and has no interest in the bond sued on, and the same was not given for damages that might be recovered by him; and that the defendant is not liable to him; and because the defendant in the bill dismissed the same by leave of the court. There are some matters insisted upon, founded upon orders and proceedings in equity cause, which are not set forth or alluded to in plaintiff's declaration, and are therefore, if available as defences, more properly the subjects of pleas than of demurrer.

The court sustained the demurrer and ordered plaintiff's suit dismissed, upon the ground " that the allegations in

v 74-46

plaintiff's declaration did not make a case upon which they could recover." This judgment was excepted to, and plaintiff brings it here upon writ of error for review.

The principle that the contract of the surety is one of strict law, and that his liability cannot be extended by implication or interpretation (Code, §2150), which has been invoked to sustain this decision, is not and cannot be questioned in any case to which it applies, but we think it inapplicable here. He certainly obligates himself for the performance of his principal's undertaking (*Ib.*, §§2148, 2149) so long as the principal remains bound therefor, and the creditor does nothing to release him, and abstains from any act that injures the surety, or increases this risk or exposes him to greater liability (*Ib.*, §2154), or does not change the nature of the terms of his contract without his consent (*Ib.*, §2153.) His undertaking in this case is made manifest and full by a reference in the bond to certain portions of the proceedings on the hearing of the bill for the injunction, and which are set forth in the declaration; indeed, his agreement cannot be ascertained otherwise than by a resort to those proceedings, and from them it will appear, as is alleged, that the plaintiff and payee in this bond was the agent in this transaction of the party for whose use the suit is brought. In equity that party might, in his own name, have proceeded on that bond for the recovery of his damages, and at law, by the use of the payee's name, he might, with proper averments, have proceeded in the same way, as was expressly held by a majority of this court in *Shaver vs. McLendon*, 26 *Ga.*, 228. There a mistake in the name of the payee in a forthcoming bond was allowed to be corrected in an action at law on the same. Since that case was determined, the option to resort to law instead of equity has been greatly enlarged.

How a suit, prosecuted on a bond for the use of a transferee, can alter or change the nature of the surety's contract, we are unable to see, so that there is nothing in the first ground of the demurrer. And there is just as little

in the others, if we are right in the view we have taken of the nature of the surety's obligation in this case.

The plaintiff's right of action accrued when the complainant dismissed his bill, whether he did this with or without the leave of the court. 2 High on Inj., §1649,. Damages for the rents, issues and profits of the land, together with the waste committed on it while plaintiff was kept out of possession by reason of the continuance of the injunction, may be recovered under this bond, as may also such reasonable counsel fees as he was compelled to expend in order to rid himself of it. *Ib.*, §§1673, 1685, 1688, and cases cited under each section. Of course the plaintiff can have no damages against the surety beyond the penalty of his bond.

Judgment reversed.