## HICKS *v.* RILEY.

The law does not regard the middle name or initial of a person as material, unless it be shown that there are two persons of the same first name and surname. Hence where the declaration was in the name of George S. Riley, and the verdict was for George S. Riley but the judgment was in the name of George R. Riley, while the execution issued in the name of George S. Riley, the difference between the verdict and execution and the judgment was immaterial. And the passage of an order amending the judgment from George R. to George S. was an immaterial amendment, and did not vitiate the levy.

May 20, 1889.

Misnomer. Verdict. Judgment. Amendment. Before Judge GUSTIN. Bibb superior court. May term, 1888.

An execution in favor of Geo. S. Riley, agent, against J. R. Hicks, having been levied on certain land, Hicks interposed an affidavit of illegality on the grounds (1) that he was never sued or served, nor was any verdict ever had against him in any case in which Geo. R. Riley, agent, was plaintiff; (2) because the *fi. fa.* does not state for whom plaintiff is agent, and no judgment in favor of one as agent, without expressing for whom he is agent, can be legally rendered; and (3) because the judgment on which the *fi. fa.* issued does not conform to the verdict in the case. He also moved, at the trial, to dismiss the levy and quash the execution, because "the verdict rendered in said case was in favor of one Geo. S. Riley, agent, and not in favor of George R. Riley, as alleged and set forth in said judgment." This motion was overruled.

On motion of the plaintiff, the affidavit of illegality was disallowed and stricken, to which ruling, as well as to the overruling of the motion to quash the execution, the defendant excepted.

PATTERSON & HODGES, by brief, for plaintiff in error.

Hardeman, Davis & Nottingham and John P. Ross, contra.

Simmons, Justice.

The facts of this case will be found in the official report. There was no error in the trial judge in sustaining the demurrer to this affidavit of illegality. The law does not regard the middle name or middle initial of a person as material, unless it be shown that there are two persons of the same first name and the same surname. This record fails to show that there were two persons named George Riley. Hence when the declaration was in the name of George S. Riley, and the verdict was for George S. Riley, and the judgment was in the name of George R. Riley and the execution issued in the name of George S. Riley, there was no material difference between the verdict and judgment and the execution, and the court was right in dismissing the illegality taken on this ground alone. Nor did the levy fall when the court passed an order amending the judgment from George R. Riley to George S. Riley. It was an immaterial amendment and did not vitiate the levy.                    *Judgment affirmed.*