MADDOX *v.* CENTRAL OF GEORGIA RY. CO., and *vice versa.*

FISH, J.  1. Misnomers in civil suits may, on motion, be corrected by amendment.  Civil Code, § 5102.

(*a*)  Therefore, where the petition in a suit for a tort alleged the Central Railroad and Banking Company of Georgia to be a corporation existing under the laws of this State, and that it had, by negligently running its cars, damaged the petitioner in a named sum, and prayed process against it, which was issued accordingly, but was served upon the agent of the Central of Georgia Railway Company, and where counsel for the latter company admitted in open court that, at the time the suit was filed and process served, there was no such corporation in existence as the Central Railroad and Banking Company of Georgia, but that the Central of Georgia Railway Company had, by means of judicial sale thereof, acquired the railroads, rights, franchises, etc., of the Central Railroad and Banking Company of Georgia, there was no error in allowing an amendment correcting the mistake in the name of the defendant corporation, by substituting " The Central of Georgia Railway Company" for "The Central Railroad and Banking Company of Georgia," wherever the latter appeared in the petition and process. See *Rome Railroad Co.* v. *Sullivan,* 14 *Ga.* 277; *Central Railroad* v. *Rogers,* 66 *Ga.* 251; *Johnson* v. *Central Railroad,* 74 *Ga.* 397; *Chattanooga Railroad Co.* v. *Jackson,* 86 *Ga.* 676.

(*b*)  The ruling made in *Nashville, C. & St. L. Ry.* v. *Edwards,* 91 *Ga.* 24, that, "Where one railroad corporation is sued for a tort, the declaration can not be amended by substituting another as defendant, under the guise of correcting a misnomer," does not conflict with the principle herein announced.

2. After the name of the defendant had been corrected by amendment, and its plea in abatement, which was submitted to the court upon an agreed statement of facts, had been overruled, defendant had the right to plead to the merits of the action.

3. No reason appears why the first grant of a new trial should be disturbed in this case.

*Judgment affirmed on both bills of exceptions.  All concurring.*

Argued December 9, 1899.—Decided January 29, 1900.

Action for damages.  Before Judge Candler.  Fulton superior court.  March term, 1899.

*F. Roland Alston,* for plaintiff.
*Hugh M. Dorsey,* for defendant.