## TURNER'S CHAPEL A. M. E. CHURCH *v.* LORD LUMBER COMPANY.

The motion to set aside the judgment was sufficient as against a general demurrer.

Argued November 14, — Decided December 9, 1904.

Motion to set aside judgment.    Before Judge Gober.    Cobb superior court.    July 25, 1904.

*H. B. Moss,* for plaintiff in error.
*Smith, Hammond & Smith,* contra.

SIMMONS, C. J.    In October, 1903, Woods sued out an attachment before a justice of the peace in Fulton county, Georgia, against the P. A. Lord Lumber Company, on the ground that it was indebted to him and was a non-resident.    A certified copy of the proceedings was sent to Cobb county, and a magistrate in that county, on Oct. 27, 1903, issued a garnishment against Turner's Chapel A. M. E. Church.    Proper service was had of the summons of garnishment, which was returnable to the superior court of Cobb county.    On November 16, 1903, the garnishee answered, admitting assets in its hands.    In February, 1904, the defendant dissolved the garnishment as provided in the Civil Code, § 4568. Notice of this dissolution was then given the proper officers of the garnishee by the magistrate before whom the attachment had been sued out.    Subsequently counsel for the garnishee tendered to counsel for the defendant the amount which the garnishee had admitted owing the defendant.    This tender was declined, the defendant claiming that the indebtedness was for a larger amount. Thereafter, at the March term, 1904, of Cobb superior court, counsel for the garnishee took an ex parte order that the garnishee pay into court the amount of its admitted indebtedness, and that the clerk of the court pay to counsel for the garnishee the sum of $25 as a fee for his services, this fee to be paid out of the fund paid into court, and that the garnishee be then dis-

charged.    At the same term of the court the defendant made a motion asking that this order be set aside.    In the motion the above facts were recited.    When this motion came on to be heard, counsel for the garnishee demurred to it upon the ground " that said motion fails to set out any reason why the judgment should be set aside."    This demurrer was overruled, and, " respondent's counsel stating that no further cause would be shown, or answer filed," the court granted an order setting aside the former judg‑ ment or order.    To this the garnishee excepted.

As we have seen, the demurrer filed to the motion was very general in its terms, whilst the motion itself stated all of the facts from the commencement of the attachment proceedings to the granting of the ex parte order sought to be set aside.    The motion shows that the garnishment had been dissolved by giving bond under the Civil Code, § 4568, and that after this was done the garnishee, with full knowledge that the garnishment had been dissolved, took the order sought to be set aside.    When the gar‑ nishment was dissolved by giving bond, the garnishee was relieved, and the effects in its hands should have been paid to its creditor, the defendant.    After the dissolution of the garnishment, the garnishee must respond to the defendant, and can not relieve itself by paying the money into court.    It was claimed, however, that the motion did not show that the defendant was an "incor‑ poration not incorporated by the laws of this State," so as to have any right to dissolve the garnishment under section 4568.    The motion does not contain any express averment to this effect.    It does, however, set out that the garnishment was dissolved under this section of the code.    The presumption is that the officer who took and approved the bond was satisfied by proper showing that defendant was " an incorporation not incorporated by the laws of this State."    Otherwise he would have refused to accept and approve the bond.    Besides this, the motion shows that the at‑ tachment was issued against the defendant as a non-resident. This and its name are sufficient to show, prima facie, that it is a non-resident corporation, for its name, " P. A. Lord Lumber Com‑ pany," is such as to import a corporation.    " When the name of a party to a suit is such as to import that the party is a corpora‑ tion, there is a presumption to this effect, which prevails until the contrary is shown."    *Holcomb* v. *Cable Co.*, 119 *Ga.* 466.    The

"P. A. Lord Lumber Company" being a party to this case and its name importing that it is a corporation, there is a presumption that it is a corporation. Added to this are the facts that the attachment was issued against it as a non-resident, and that a bond given by it under the Civil Code, § 4568, was accepted by the proper officer, the presumption being that such officer would not have accepted the bond unless he had been satisfied by proper proof that the defendant was an "incorporation not incorporated by the laws of this State." We think there was enough in the motion to show, as against a general demurrer, that the defendant was an incorporation not incorporated under the laws of this State. If the garnishee wished to rely upon the point that the motion did not set out with sufficient certainty and distinctness that it was a non-resident corporation, this question should have been raised by special demurrer. After the dissolution of the garnishment, the garnishee could not then be properly discharged by paying into court its admitted indebtedness, and the order to that effect was properly set aside.

*Judgment affirmed. All the Justices concur.*