GILLIAM *v.* GREEN *et al.*

1. It is not error to refuse to grant a mandamus to require the clerk of the superior court to deliver certain ballots and voter's lists to named persons, when it affirmatively appears that these ballots and lists are not in his possession.

2. A petition for mandamus recited that at an election held in a named precinct certain legal votes were cast which were not counted, that the ballots and voter's lists for these were kept separate from those for the other votes cast at that precinct, and that no return of these votes was made by the precinct managers to the superintendents consolidating the election returns for the county.   The petition prayed that the superintendents be required to meet again and reconsolidate the vote of the county, including therein the ballots which it was alleged were illegally excluded from the first consolida-

tion ; but there was no prayer that the precinct managers be required to return to the consolidating superintendents the ballots so excluded. *Held*, that, the superintendents having no power to consolidate any votes except those returned by the precinct managers, and no relief being prayed against those managers, it was not error to refuse this prayer of the petition.

3. The fact that one vote was cast after the time fixed by law for the closing of the polls is no ground for excluding the entire vote of a precinct; but when, even if the vote of the precinct were counted as cast, the result of the election would not be changed, mandamus will not issue to require the superintendents to reconsolidate the vote of the county so as to include the vote of this precinct.

Argued February 11, — Decided March 7, 1905.

Petition for mandamus. Before Judge Gober. Fannin superior court. December 19, 1904.

*N. A. Morris, A. S. J. Hall,* and *D. W. Blair,* for plaintiff.

*T. A. Brown, O. R. DuPree, W. S. Butt,* and *J. Z. Foster,* for defendants.

CANDLER, J. This was a petition for mandamus, filed by Gilliam against Green and others. The petition alleged that the defendants were the superintendents of an election held on October 5, 1904, in which the plaintiff was a candidate for the office of ordinary of Fannin county; that in the consolidation of the election held at the various precincts in the county the defendants had declared his opponent to have a plurality of forty votes over him; that at the Flint Hill precinct in said county petitioner received a plurality of twenty-three votes over his opponent, but the vote cast in this precinct was not included in the consolidation made by the election superintendents on the day following the election, the entire vote of that precinct being excluded from the consolidation for the sole reason that it was claimed that one man had voted at said precinct after the polls were closed; and that no voting list or returns of ballots for said precinct were turned over to the clerk of the superior court by the election superintendents. It was further alleged that at the election 137 legal voters from the Morganton and Mineral Bluff precincts cast their ballots at the county site, but that these votes were not included in the consolidation made by the defendants; that the ballots of these 137 voters were received by the superintendent at the county-site precinct without objection or any intimation that these persons were not entitled to vote at that precinct; that said persons were duly registered and legally qualified to vote in the election; and that

their votes should have been included in the consolidation, because no election precinct had been established for either the Morganton or the Mineral Bluff district, according to law, by the ordinary of the county at the regular term of the court of ordinary, as provided by the Political Code, § 69. It further appeared from the petition that in both these districts there were incorporated towns. It was also alleged that the superintendents of the election at the county site received the ballots of these 137 persons from the Morganton and Mineral Bluff districts, but deposited them in a separate box from those of the residents of the county-site district, keeping separate voter's lists for these persons; but that the 137 voters in question did not know that this was the case. It was alleged that the superintendents at the county site failed and refused to include in their consolidation the votes of these 137 persons, or any part of them; and that the managers holding the election at the county site made no return whatever of these votes. At least 90 of these 137 votes, it was alleged, were cast for petitioner; and affidavits were attached to the petition for the purpose of showing that had these 137 votes, together with the vote of the Flint Hill precinct, been included in the consolidation, petitioner would necessarily have been declared elected ordinary of Fannin county. Daves, the opposing candidate, who was declared elected, was made a party defendant, but at the hearing the petition was dismissed as to him. Kincaid, the clerk of the superior court of Fannin county, was also made a party defendant; and it was alleged that he had custody and possession of the ballots and voter's lists; that pending contest proceedings the possession of these ballots and voter's lists had been demanded of him for use in said contest proceedings, but that he had refused to comply with this demand, and had sworn before the magistrate taking the testimony in the contest proceedings that no sort of affidavit could be made, or other action taken by petitioner, which would cause him to deliver said ballots and lists to said officer. It was also alleged that because of this conduct of the clerk the petitioner had been compelled to abandon his contest proceedings, and he therefore applied for a mandamus to require the election superintendents to again come together and consolidate all the legal votes of the county cast in said election, including the vote of the Flint Hill precinct and the 137 ballots

of persons residing in the Morganton and Mineral Bluff districts, which were cast at the county site. The petition also prayed that the clerk of the superior court be required to turn over to the election superintendents the certificates, ballots, voter's lists, and tally-sheets from the various precincts of the county, which, it was alleged, were permaturely placed with him upon the conclusion of the formal consolidation, so that they might be legally consolidated. The respondents demurred generally and specially, and also filed their several answers. At the hearing a mandamus absolute was denied, and the plaintiff excepted.

1. In deciding whether or not the court erred in refusing to make the mandamus absolute, it will not be necessary for us to set out all the grounds of the demurrer, or to go specifically into all the averments of the answer. We will first deal with the case made by the petition against the clerk of the superior court. In dismissing the petition as to that officer we are satisfied that the court ruled correctly. It clearly appears from the petition that the clerk was never in possession of the ballots or voter's lists of the precincts the votes of which were called in question. On the contrary, it was specifically alleged that the superintendents of the Flint Hill precinct retained the ballots and voter's lists. It also appears that the ballots sought to be cast by the 137 voters from the Morganton and Mineral Bluff districts at the county-site precinct were never returned by the managers of that precinct to the superintendents consolidating the county election returns; that such ballots and lists were never in the custody of the consolidating superintendents, and therefore were never in the custody or control of the clerk. The petition does not allege that there was any trouble with any of the other precincts of the county, nor that there was any probability of a refusal on the part of the clerk to deliver to the superintendents the lists or ballots that were properly in his custody, in the event of a proper request being made upon him to do so. For these reasons, certainly, the mandamus should not have been made absolute against him. Under such circumstances, as was ruled in the case of *Park* v. *Candler,* 113 *Ga.* 672, the grant of a mandamus absolute would have been not only unjust to the officer in question, but would have involved him in the payment of the costs of the proceedings, to which he should not have been made liable. So far as the petition dis-

closes, he has never been asked to deliver anything which it was possible for him to deliver, nor has he refused to do anything that was in his power; and had the court required the superintendents to meet again for the purpose of reconsolidating the election returns, he would doubtless have delivered to them, upon their request, everything that was within his custody or control.

2. Should the mandamus have been made absolute against the superintendents of the election? We are clear that the returns of the election held in the Flint Hill precinct were improperly excluded from the consolidation. The fact that one man voted after the time fixed by law for the polls to close certainly ought not to deprive all the other voters of the precinct of the right to have their ballots counted. The one vote cast too late was all that should have been excluded; and if the result of the election would be changed by including in the consolidation the vote of this precinct, we would unhesitatingly reverse the judgment denying a mandamus absolute. But we are satisfied that the court did not err in refusing to require the superintendents to again meet to include in their consolidation the 137 votes cast at the county site by persons residing in the Morganton and Mineral Bluff districts. It appears from the petition that the managers of the election at the county site did not count these votes nor return the ballots or voting lists of the 137 to the superintendents consolidating the vote of the county. So far as appears, the consolidating superintendents never had before them the question of counting these votes or including them in their returns. The managers of the county-site precinct having made no return of these votes, the consolidating superintendents had no power to include them in their returns; and for this reason, if for no other, the court was right in refusing to require them to meet again for the purpose of including these votes in their consolidation. To have required them to meet for the sole purpose of including in their consolidation the vote of the Flint Hill precinct would have been to have compelled them to do a vain thing; for, as before seen, the vote of that precinct would not have changed the result. In no case will mandamus be granted when it is manifest that the writ would for any reason be nugatory or fruitless. Civil Code, § 4870. Giving to the petitioner the 22 plurality which he claims to have received at the Flint Hill precinct, his opponent would still have a

plurality of 18 over him.     There is no prayer in the petition for a mandamus to require the managers of the precinct at the county site to include in their returns the list of voters and the ballots of the 137 persons from the Morganton and Mineral Bluff districts who voted at the county site.     If the superintendents were to assemble again, the most they could do would be to consolidate the votes as returned by the various precinct superintendents.     They still could not include the 137 votes from the outlying districts which were cast at the county site.

For these reasons we are clear that the court was right in refusing to make the mandamus absolute against any of the defendants.     It would be fruitless for us to pass upon the question whether the managers at the county-site precinct were right in excluding from their return the ballots cast by the residents of the Morganton and Mineral Bluff districts, nor are we called upon to discuss the ethical questions sought to be injected into the case.     It is equally unnecessary for us to consider whether the petitioner, having instituted contest proceedings, could abandon them and proceed by mandamus.     We place our judgment solely upon the grounds already stated.     Conceding that the petitioner adopted the right remedy, and that he was entitled to all that he asked against the superintendents consolidating the returns, in the absence of any returns of the votes which were not counted, a reconsolidation of the vote cast would be ineffective to give him any relief.

*Judgment affirmed.    All the Justices concur.*