## PARRAMORE *v.* ALEXANDER.

1. An affidavit to obtain an attachment against a named corporation, stating that "it is an incorporation not incorporated by the laws of this State, but is transacting business within this State," sufficiently states a ground for the issuance of an attachment under the Civil Code, § 4527.

2. The following allegations appear in an affidavit of illegality filed by the security: "The affidavit in attachment says that the Atlantic Coast Line Railroad is indebted, and further declares the said 'Atlantic Coast Line Railroad or Railway Company is an incorporation not incorporated by the laws of this State, but is transacting business within this State;' the bond in attachment is made payable to the Atlantic Coast Line R. R. Co.; the attachment is against the Atlantic Coast Line R. R. Co.; the levy is made of the attachment on the property (as stated in the levy) of the Atlantic Coast Line Railway Co.; the replevin bond is made by the Atlantic Coast Line Railroad Company; the declaration in attachment is brought against the Atlantic Coast Line Railroad, or Railway Company; the verdict is written on the attachment; the judgment is against the Atlantic Coast Line Railway Company as principal, and J. J. Parramore as security; the execution is against the Atlantic Coast Line Railway Company, principal, and J. J. Parramore, security." *Held,* that the variance in the names "Atlantic Coast Line Rail*road* Company" and "Atlantic Coast

Line Railway Company" is not a substantial one; and where it does not appear that such names are of different corporations, such affidavit of illegality by the surety to the levy of such execution on his property on the ground of such variance should be dismissed.

Argued February 2,—Decided May 13, 1909.

Illegality. Before Judge Kimsey. Hall superior court. August 12, 1908.

W. A. Charters and F. M. Johnson, for plaintiff in error.

H. H. Dean and J. M. Merritt, contra.

HOLDEN, J. The plaintiff in error filed an affidavit of illegality to an execution levied upon his property, and issued upon a judgment in an attachment case against the Atlantic Coast Line Railway Company as principal and the plaintiff in error as surety upon a bond given to replevy the property levied upon by virtue of the attachment. A demurrer was filed to the affidavit of illegality. The case was heard, by consent of the parties, before the court without a jury, and the court passed an order dismissing the affidavit of illegality, to which the plaintiff in error excepted.

1. One ground of the affidavit of illegality is as follows: "Because the superior court of Hall county never had jurisdiction, because the affidavit made to obtain the attachment does not allege nor state any fact or grounds for the issuance of an attachment, and does not show that the defendant, the Atlantic Coast Line Railroad, is a non-resident of the State of Georgia, nor any other reason or ground for the issuance of an attachment." There were other grounds making substantially the same question. The affidavit made by the defendant in error to obtain the attachment is as follows: "Mrs. Julia Alexander comes before the undersigned, and on oath saith that the Atlantic Coast Line R. R. Co. is indebted to her in damages in the sum of one thousand dollars, and that the said Atlantic Coast Line Railroad, or Railway, Company is an incorporation not incorporated by the laws of this State, but is transacting business within this State." The question made by the ground of the illegality above set out is whether or not it was necessary to state in the affidavit that the company was a non-resident of the State; or were the allegations in the affidavit sufficient without this statement? Civil Code, §4527, is as follows: "Attachments may issue against incorporations not incorporated by the laws of this State, who are transacting business within the

State, under the same rules and regulations as are by this code prescribed in relation to issuing attachments and garnishments in other cases." An attachment will lie, in this State, against a non-resident corporation as well as a non-resident individual. As was said in *Wilson* v. *Danforth,* 47 *Ga.* 676, 679, 680, "A foreign corporation, with an office doing business here, can be sued. It is, in some senses, a resident. And it was, doubtless, for this reason that section 3213 [now §4527, Civil Code of 1895] was adopted." Whether doing business in this State or not, a non-resident corporation is subject to attachment under the laws of this State. We think that the intention of the section of the code above quoted, providing that "attachments may issue against incorporations not incorporated by the laws of this State who are transacting business within the State," was to make corporations of this class subject to attachment, and to make the existence of the facts stated in the above quotation a ground of attachment. This section provides that attachments may issue against corporations of the class named, not on the same grounds that are prescribed by the code in relation to issuing attachments in other cases, but "under the same rules and regulations as are by this code prescribed in relation to issuing attachments and garnishments in other cases." The words "rules and regulations" refer to the manner of issuing attachments, and not to the grounds upon which they may issue. When an affidavit made for the purpose of obtaining an attachment states, as does the affidavit in this case, that the corporation against which an attachment is sought is transacting business within the State, but is not incorporated by the laws thereof, a sufficient ground is set forth for the issuance of such attachment, without stating that such corporation is a non-resident of the State. See Civil Code, §4568; *Turner's Chapel* v. *Lord Lumber Co.,* 121 *Ga.* 376 (49 S. E. 272); *Mississippi Central R. Co.* v. *Plant,* 58 *Ga.* 167; *Wilson* v. *Danforth,* 47 *Ga.* 676; *Pacific Selling Co.* v. *Albright-Prior Co.,* 3 *Ga. App.* 143 (59 S. E. 468); *Cincinnati Ry. Co.* v. *Pless,* 3 *Ga. App.* 400 (60 S. E. 8).

2. The second ground of the affidavit of illegality is as follows: "Because the pleadings are too defective, irregular, and uncertain for any legal verdict to be rendered, or any legal judgment to be rendered against the defendant or this deponent; said pleadings

being defective, irregular, and uncertain for the following reasons, to wit: The affidavit in attachment says, that the Atlantic Coast Line Railroad is indebted, and further declares the said 'Atlantic Coast Line Rail Road or Railway Company is an incorporation not incorporated by the laws of this State, but is transacting business within this State;' the bond in attachment is made payable to the Atlantic Coast Line R. R. Co.; the attachment is against the Atlantic Coast Line R. R. Co.; the levy is made of the attachment on the property (as stated in the levy) of the Atlantic Coast Line Railway Co.; the replevin bond is made by the Atlantic Coast Line Railroad Company; the declaration in attachment is brought against the Atlantic Coast Line Railroad, or Railway Company; the verdict is written on the attachment; the judgment is against the Atlantic Coast Line Railway Company as principal, and J. J. Parramore as security; the execution is against the Atlantic Coast Line Railway Company, principal, and J. J. Parramore, security." The third ground of the affidavit of illegality is as follows: "Because the declaration is against the Atlantic Coast Line Railroad or Railway Company; the verdict is not certain; the judgment is against the Atlantic Coast Line Railway Company; the execution is against the Atlantic Coast Line Railway Company; and no legal verdict or judgment could be rendered or entered against this deponent as security for any principal except the Atlantic Coast Line Railroad Company." We do not think that the use of the word "Railway" in one place and "Railroad" in another, in referring to the corporation, was a substantial and material change in its name, in view of the fact that there was no allegation or proof that there was a corporation by the name of the Atlantic Coast Line Railroad Company and another by the name of the Atlantic Coast Line Railway Company. It nowhere appears in the affidavit of illegality, nor in the proof upon the hearing before the judge who heard the case without a jury, that there were two separate and distinct corporations. If a bond is given in an attachment proceeding, a judgment in such proceeding on such bond is not binding on the surety if it is against a principal who is a different person from the principal named in the bond. But it is not made to appear that such is the case here; on the contrary, in the absence of any showing that the principal in the bond and the principal in the judgment were different corporations, the slight variation in

the name as above set forth will raise no presumption that they are different corporations. The bond was given by the Atlantic Coast Line Rail*road* Company, as principal, because of the levy of the attachment on property which the entry of levy states was the property of the Atlantic Coast Line Rail*way* Company. This would seem to be an admission that the Atlantic Coast Line Railroad Company and the Atlantic Coast Line Railway Company were one and the same corporation. In the case of *Davis* v. *State*, 105 *Ga.* 808 (32 S. E. 158), it was held: "Where, on the trial of an indictment for burglary which charged the accused with breaking and entering the depot of the 'Chattanooga Southern Railroad Co.,' proof was made by the State that the depot of the company named was burglariously entered as charged, testimony offered in behalf of the defendant to the effect that the corporate name of the owner of the depot was 'Chattanooga Southern Railway Co.,' even if admitted, would not establish a material variance between the allegations in the indictment and the proof." On pages 810, 811, it was said by Mr. Justice Lewis, in delivering the opinion: "Even if the proof had shown that the name of the corporation owning the depot was improperly stated by its being called a 'railroad' instead of a 'railway' company, we do not think such a slight variance between the allegation and proof would have been fatal. . . . The words 'railway' and 'railroad' have identically the same meaning, and we think the identification of the owner of the depot in this case was sufficiently clear from the description in the indictment, notwithstanding there may have been a slight error made in the use of a wrong word identical in meaning and similar in sound to the particular term used in the charter." In this connection, see *Palatine Ins. Co.* v. *Dickenson*, 116 *Ga.* 794 (43 S. E. 52); *Maddox* v. *Central of Ga. Ry. Co.*, 110 *Ga.* 301 (34 S. E. 1036); *Commissioners* v. *Aiken Canning Co.*, 123 *Ga.* 647 (51 S. E. 585); *Rhodes* v. *City of Louisville*, 121 *Ga.* 553 (49 S. E. 681); *Shaver* v. *McLendon*, 26 *Ga.* 228; *Thompson* v. *Hall*, 67 *Ga.* 627; *Johnson* v. *Central Railroad*, 74 *Ga.* 397; *Richardson* v. *Allen*, 74 *Ga.* 719, 722; *Chattanooga &c. R. Co.* v. *Jackson*, 86 *Ga.* 676 (13 S. E. 109); *Rome Railroad Co.* v. *Sullivan*, 14 *Ga.* 277; *Steers* v. *Morgan*, 66 *Ga.* 552; *Hicks* v. *Riley*, 83 *Ga.* 332 (9 S. E. 771); *Timberlake* v. *State*, 100 *Ga.* 66 (27 S. E. 158); *Banks* v. *Lee*, 73 *Ga.* 25; *Roberson* v. *Downing Co.*, 120

*Ga.* 833 (48 S. E. 429, 102 Am. St. R. 128); 1 Thomp. Corp. §291; 3 Id. §3729; 6 Id. §7608; 7 A. & E. Enc. Law, 689. In *Hicks* v. *Riley,* supra, it was ruled: "The law does not regard the middle name or initial of a person as material, unless it be shown that there are two persons of the same first name and surname. Hence where the declaration was in the name of George S. Riley, and the verdict was for George S. Riley but the judgment was in the name of George R. Riley, the difference between the verdict and execution and the judgment was immaterial. And the passage of an order amending the judgment from George R. to George S. was an immaterial amendment, and did not vitiate the levy." In this connection, see *Timberlake* v. *State; Banks* v. *Lee,* and *Roberson* v. *Downing Co.,* supra. The variance in the two names was slight and in words having practically the same meaning and frequently used interchangeably. The difference between the names of the "Atlantic Coast Line Railroad Company" and the "Atlantic Coast Line Railway Company" is not a variance in substance. The names do not of themselves indicate that they are of different corporations; and if it is not made to appear that there are two distinct corporations respectively bearing these different names, the conclusion must follow that the names given were of one and the same corporation. We do not think there was any merit in either of the grounds of illegality above set forth, and the court was right in its judgment dismissing the affidavit of illegality.　　　*Judgment affirmed.　All the Justices concur.*