JONES *et al. v.* McELREATH *et al.*

BECK, P. J. 1. The fact that a judge was a citizen and taxpayer in a city, and as such was interested in the result of an election of a mayor and aldermen of that city, did not disqualify him from entertaining a petition in an equitable suit brought to test the right of candidates, who on the face of the returns had been elected to those positions, to hold the offices named.

2. Nor did the fact that he had voted for the officers declared to be elected disqualify him in that case.

3. The application to the trial judge that he disqualify himself in this case was based in part upon allegations of fact which were in part denied by the judge, as appears from his note in the bill of exceptions, and as to other recitals of fact in the application the judge in that note states that he had no knowledge of these alleged facts, and he states further that no evidence was offered to show that the allegations of fact were true. Consequently the judge can not by this court be held to be disqualified on the ground based upon the allegations of fact referred to, and no error is shown in his ruling upon the question raised as to his disqualification.

4. In a large measure, the petition in this suit is in substance a case of contest of an election of municipal officers, and the allegations of many paragraphs are appropriate only in cases of such contests; such, for instance, as the allegations that named persons who voted for the successful candidates were not qualified voters, etc. As a petition in a case of contest of an election of municipal officers, it can not be determined upon its merits in a court of equity, because of lack of jurisdiction. It is purely a political matter; and the fact that there was a

vacancy in the office of ordinary of the county, because of the death of the former ordinary, does not give the court jurisdiction. *Tupper* v. *Dart*, 104 *Ga*. 179, 183 (30 S. E. 624). That decision goes to the extent of holding that a court of equity has no power to try a contested election, even where the statute has provided no mode for contesting the election. As contestants of election, therefore, the petitioners had no standing in court.

5. Moreover, considering this petition as a contest of an election, there were no proper parties plaintiff. It does not appear that the petitioners were candidates for the offices to which the defendants were elected, and therefore they were not in a position to contest the election. Civil Code, §§ 121 et seq; 20 C. J. 223, § 284.

6. Other portions are appropriate to an information in the nature of quo warranto, but this petition can not be maintained as such; for an information in the nature of quo warranto is a legal proceeding, and this is a petition in equity. Besides, it could not be maintained as a quo warranto proceeding, inasmuch as the parties against whom it was brought had not at the time been inducted into office, nor were they performing the duties thereof.

7. Certain of the attacks upon the eligibility of the defendants to be elected to the offices of mayor and aldermen were decided, adversely to the contention of the present plaintiffs, in the case of *Adair* v. *McElreath*, 167 *Ga*. 294 (145 S. E. 841), which was an information in the nature of quo warranto.

8. There were no such threatened acts upon the part of the defendants, relative to the properties in question, as authorized the granting of an injunction to prevent the sale of the properties and rights.

9. The judge did not err in refusing to hold himself disqualified in the case, and in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 6458. February 13, 1929.

*Neel & Neel, Whitaker & Whitaker*, and *John T. Norris*, for plaintiffs.

*W. T. Townsend, Finley & Henson*, and *Paul F. Akin*, for defendants.