CHAPMAN, ordinary, *v.* DOBBS *et al.*

No. 8903.    SEPTEMBER 17, 1932.

*William Butt,* for plaintiff in error.

*Dorsey & Burtz* and *Allison S. Prince,* contra.

BELL, J. (After stating the foregoing facts.) The plaintiffs' prayers are shown in the foregoing statement in a somewhat different order from that in which they appear in the petition; but the arrangement as made above will do no violence to any right of the plaintiffs, and will serve to facilitate reference in the course of this opinion. We think the court erred in not sustaining the general demurrer and dismissing the petition for the writ of mandamus. The plaintiffs are seeking to compel the ordinary to perform certain acts or to make certain rulings in relation to an election contest. It appears that an election was held in the City of Blue Ridge for the election of a mayor and five councilmen. There were ten candidates for the five places as councilmen, and on the face of the returns the plaintiffs Dobbs and Allen were among the five candidates receiving the highest number of votes and were thereby apparently elected. Jack Messer and Bob Taylor, who were also candidates for election as councilmen, were among those who appeared by the returns to have been defeated, and these two filed with the ordinary a notice of contest against Dobbs and Allen. The petition does not disclose whether the contest was actually heard and determined; and we must decide the case solely in view of the allega-

tions of the petition, notwithstanding certain statements in the briefs of counsel as to further action by the ordinary. The plaintiffs are not complaining that the ordinary was not ready and willing to hear the contest. The plaintiffs as contestees were not asking for a hearing thereon. Messer and Taylor were the movants in that proceeding; and the plaintiffs merely complain that as the ordinary was about to hear the contest he made certain rulings which were contrary to law, and which it is now sought to require him to set aside and reverse. There were three of such rulings, as indicated in the preceding statement, and we will first consider the case in view of the prayers which are numbered 1 and 2 above. It is prayed in effect that the ordinary should be required by mandamus to set aside his order overruling the plaintiffs' motion to dismiss the purported contest, and then to enter an order sustaining the motion upon each and every ground therein contained. This refers to the contest as a whole. It is further prayed that the ordinary be required to set aside his order overruling the plaintiffs' motion to strike the name of Jack Messer as one of the contestants, and then to pass an order sustaining this motion upon each of the grounds stated therein.

In our view of the case, it is immaterial whether the contest was or was not defective for the reasons pointed out in these motions. It was the duty of the ordinary to hear the contest, provided the grounds thereof were sufficient in law; and if he had failed or refused to perform this duty, mandamus would have compelled him to do so. But it is a different thing to say that the courts would interfere to compel a dismissal of a contest, and thus to prevent a hearing thereon, merely because the alleged grounds of contest are insufficient. Under the law, any contest which arises over a municipal election shall be heard by the ordinary (Civil Code of 1910, § 125), and the mode of procedure is as prescribed for contests where commission is issued by the Governor. Contests of the latter class are to be determined by the judge of the superior court, and the mode of procedure is as stated in the Civil Code, §§ 121-123. In *Tupper* v. *Dart*, 104 *Ga.* 179, 184 (30 S. E. 624), it was said that it was competent for the legislature to make the decision of the ordinary final in matters of this kind. In *Harris* v. *Glenn*, 141 *Ga.* 687 (81 S. E. 1103), it was held that "the decision by the ordinary in such contest is final." The plaintiffs here are virtually

asking that the superior court shall stand by and direct the hearing of this contest at every step. "The superior court could not, under the law, take the proceedings, at their inception, away from the ordinary, and proceed to hear and determine the contest, when the right to hear has been given to that officer, and it has been made his duty to determine the same." *Tupper* v. *Dart,* supra. "Elections belong to the political branch of the government, and are beyond the control of judicial power. It was not designed, when the fundamental law of the State was formed, that either department of government should interfere with the control of the other; and it is for the political power of the State, within the limits of the constitution, to provide the manner in which elections shall be held. And until the courts are empowered to act, by the constitution or legislative enactment, they must refrain from interference." *Harris* v. *Sheffield,* 128 *Ga.* 299, 303 (57 S. E. 305).

For a court by the writ of mandamus or otherwise to attempt to substitute its own judgment and authority for that of the ordinary, in such a matter, would amount to an usurpation of power and an invasion of the province of that officer as fixed by the legislature. In *Ivey* v. *City of Rome,* 129 *Ga.* 286, 288 (58 S. E. 852), it was said: "The general rule is that where the law-making power provides for an election to determine any question, which it is legitimate and proper to submit to a popular vote, and no provision is made, in the law, for judicial interference, and there is no general law authorizing such interference, and the right to interfere can not be derived from the common law, neither a court of law nor a court of equity has any power or jurisdiction over the matter, and all questions arising out of such election must be determined alone by the tribunal constituted by the lawmaking power for that purpose. The courts are powerless to interfere, unless the legislature should see proper to confer such power on them." The Code provides that whenever for any cause a defect of legal justice would ensue from a failure or improper fulfillment of official duty, the writ of mandamus may issue to compel a due performance, provided there is no other specific legal remedy. Civil Code (1910), § 5440. But the reference to "improper fulfillment" can not mean that a court of law will require an ordinary to turn back and correct errors which he may have committed in the hearing of an election contest. Whether the rule would be otherwise in a mere political matter of

this sort, where mandamus is applied for before the erroneous ruling has been made, is a question which need not now be decided.

The petition in the present case amounts in effect to a mere appeal or a petition for certiorari to correct the errors alleged to have been committed by the ordinary; whereas no such appeal or review is provided for by law. See further, in this connection, *Carter* v. *Janes,* 96 *Ga.* 280 (23 S. E. 201) ; *Skrine* v. *Jackson,* 73 *Ga.* 377; *Caldwell* v. *Barrett,* 73 *Ga.* 604 (4) ; *Seymour* v. *Almond,* 75 *Ga.* 112; *Woodard* v. *State,* 103 *Ga.* 496, 500 (30 S. E. 522) ; *Ogburn* v. *Elmore,* 121 *Ga.* 72 (2) (48 S. E. 702) ; *Shirley* v. *Gardner,* 160 *Ga.* 338 (2) (127 S. E. 855) ; *Board of Education of Burke County* v. *Hudson,* 164 *Ga.* 401 (2) (138 S. E. 792) ; *Jones* v. *McElreath,* 167 *Ga.* 833 (4) (146 S. E. 734) ; *Avery* v. *Hale,* 167 *Ga.* 252 (145 S. E. 76).

Thus far we have intended to speak of the case only as presented by the first and second prayers of the petition, as indicated above. The third prayer was that the ordinary be required to set aside his order sustaining the motion of contestants to strike the allegations made by the contestees by way of cross-contest, and to overrule the motion to strike the cross-contest, and to allow the contestees to proceed with such cross-contest as to the matters therein contained.

The Code provides (§ 121 (3)) that the contestee shall be allowed "to submit and take testimony in rebuttal or on cross-grounds of contest," and it is further declared (§ 123) that "illegal votes, by the method aforesaid and otherwise, may be proven by both parties; and if such are proven on both sides, one shall stand against another, and he is elected who has the greatest number of legal votes." The plaintiffs in this suit were apparently the successful candidates, and made no independent contest. They merely filed "cross-grounds of contest," in order that certain illegal votes which they alleged were cast for the contestants might be set off against the illegal votes alleged to have been cast in their own favor. The striking of this cross-contest did not amount to a refusal to hear a contest arising over a municipal election. The only contest of the election was filed by the contestants, and the cross-grounds of contest were alleged merely as a defense against the claim of the contestants that the contestees were not elected. Under the law applicable in such cases, no other construction can be placed upon the alleged cross-contest. It would be entirely useless to hear evidence

as to the illegality of votes cast in favor of the contestants until it first appeared that illegal votes were cast in favor of the contestees. The plaintiffs do not show that they were ever put to the necessity of proving their cross-grounds of contest, and therefore do not show that any legal injustice would result by the failure of the ordinary to hear the cross-contest. "Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless; nor will it be granted on a mere suspicion or fear, before a refusal to act or a wrongful act done." Civil Code (1910), § 5443. See, in this connection, *Gilliam* v. *Green,* 122 *Ga.* 322 (3) (50 S. E. 137). Upon this point the case is different from one in which there is a failure or refusal to hear an affirmative contest. Whether the ordinary might in other circumstances be required by mandamus to hear a cross-contest is not now decided.

The present case is distinguished by its facts from *Norwood* v. *Peeples,* 158 *Ga.* 162 (122 S. E. 618). In that case it was held that where the ordinary rendered judgment sustaining the motion of the contestee to dismiss the petition for contest, because it set forth no ground of contest, and where such judgment was correct, the judge of the superior court erred in granting a mandamus absolute requiring the ordinary to hear the contest. The effect of that decision was merely to hold that the ordinary would not be required to hear a contest where the grounds of contest were insufficient in law. It was not decided that he should be compelled to dismiss a contest where the grounds were inadequate or the proceeding was otherwise defective. Our conclusion here does not conflict with the decision in the *Norwood* case, nor even with anything said in the dissenting opinion of Mr. Justice Gilbert as filed in that case. The present case is also unlike that of *Morgan* v. *Wason,* 162 *Ga.* 360 (133 S. E. 921), where the ordinary dismissed the contest, the grounds of which were sufficient to show that the contestant was in fact elected by the legal votes cast. It was held by this court that the contestant was entitled to the remedy of mandamus to require the ordinary to hear and determine such contest. No such state of facts appears in the present record. The court erred in not sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*