No. 31.—HENRY PETTEE, plaintiff in error *vs.* ROBERT T. FLEW-
ELLEN, defendant in error.

[1.] Under the Judiciary Act of 1799, allowing appeals to be entered upon the payment of costs and giving security for the eventual condemnation money, the party appealing need not himself sign the bond.

Motion to dismiss appeal. In Monroe Superior Court. September Term, 1846. And overruled, Judge FLOYD presiding.

For the facts of the case, as they transpired in the Court below, see the opinion of the Supreme Court.

HAMMOND, for the plaintiff in error, relied upon the statute of this State, authorizing appeals in the Superior and Inferior Courts, and upon the 3d Rule of Practice of the Superior Courts, adopted by the Judges in Convention, &c.

DOYAL, for the defendant in error.

*By the Court*—LUMPKIN, J. delivering the opinion.

It is unnecessary to notice the pleadings and points submitted during the progress of this case in the Circuit Court. It appears, from the record, that Robert T. Flewellen, the defendant below, in anticipation of the verdict rendered against him, addressed a letter to his brother, Edward A. Flewellen, from the City of New York, authorizing an appeal to be entered in his name. It was done accordingly, the bond being signed " Robert T. Flewellen, by E. A. Flewellen, and Edward A. Flewellen," as security. Edward A. Flewellen made and filed, with the papers in the case in the clerk's office, an affidavit as to his authority to enter the appeal, which, as well as the letter, by some casualty seem to have been lost.

A motion was made to dismiss the appeal; the Court refused to grant it, stating that it was apparent that the party had intended to appeal, and had attempted to do so in a manner that he considered binding; and Robert T. Flewellen was directed to file a written recognition of the act and agency of his brother in the premises, which he did under oath, affirming that he had delegated the power exercised by his substitute, and acknowledged himself bound by it to all intents and purposes.

Admit all that is contended for by the plaintiff in error, *and* [1.] *more,* namely, that the bond had not been signed either by Robert T. Flewellen or any one for him, but by *the security only,* would it have been a good bond? We hold that it would. By the 26th section of the Judiciary of 1799, it is enacted, " that in case either party shall be dissatisfied with the verdict, they may enter an appeal in the clerk's office, (as matter of right,) provided they pay all costs, and *give security for the eventual condemnation money.*"

In the case of Nisbet *vs.* Lawson, 1 *Kelly R.* 280, this Court intimated a pretty decided opinion that it was unnecessary for the party appealing to execute the bond. Upon subsequent examination we are clear that he need not. Neither the letter nor the reason of the act requires it. The party has to give security for the eventual condemnation money; that has been done; the principal's property is already bound by the verdict, the most efficacious of all liens.

By *Stat.* 16 *and* 17, *Car.* II. it is enacted, "that in writs of error, brought upon any judgment after verdict, in any action of *ejectione firmæ,* no execution shall be stayed unless the plaintiff or plaintiffs in such writs of error shall be bound unto the plaintiff in such action of *ejectione firmæ* in such reasonable sum as the court, to which such writ of error shall be directed, shall think fit;" and conditioned, if the judgment be affirmed, &c. to pay costs, &c. Even under this statute it has been repeatedly decided that it is not necessary for the plaintiff in error to be personally bound; if he procure proper securities to enter into the recognisance it is sufficient. *Adams on Ejectment,* 313, 314; *Anonymous, Hardin,* 149; *Barnes* vs. *Bulwer, Carth.* 121; *Goodville* vs. *Bennington, Barnes* 75; *Lusington* vs. *Doe, Ibid.* 78. Keene on the Demise of Lord Byron *vs.* Dearborn and others, 8 *East,* 295, was a case under this act. The lessor of the plaintiff having obtained verdicts and entered up judgments in these ejectments, the defendant brought writs of error; and, upon the rules for the allowance, Marryat adverted to

the words of the Statute of Charles, just quoted, and then objected that Dearborn & Scott, who were plaintiffs in error respectively in two of the cases, had not joined, nor were present in court and prepared to join, in the recognisances, but only two sureties in each, which did not satisfy the statute which requires the plaintiffs themselves to enter with the obligation. But the court, after some consideration, agreed that though the words of the act seemed to require in ejectment *a recognisance by the plaintiff himself*, yet they must put a reasonable construction upon them; and therefore they thought that, in reason and substance, the act would be satisfied by plaintiffs in error procuring responsible persons to enter into the obligation required.

The same doctrine was held in Dixon *vs.* Dixon, 2 *Bos. & Pull. R.* 443. This was an action of debt, on a bond for £4,000, conditioned for the payment of £2,000. A verdict having been found for the plaintiff, the defendant brought a writ of error, and a recognisance was entered into by two persons as his securities. Notwithstanding this writ of error, the plaintiff sued out his *fieri facias*, treating the recognisance as a nullity. A rule *nisi* was obtained to set aside this execution, on the ground of its having issued pending a writ of error. Best & Praed, Serjeants, now showed cause, and objected to the recognisance, upon the grounds, first, because the defendant himself had not entered into it, together with his sureties; secondly, because it was not taken in a proper sum. They relied upon the words of the Statute of 3 Jac. I, c. 8, which provides, "that no execution shall be stayed upon any writ of error for the reversing of any judgment given upon any obligation, with condition for the payment of money only, unless such person or persons, in whose name such writ of error shall be brought, with two sufficient sureties, such as the court shall allow of, shall first, before such stay made, be bound unto the party for whom any such judgment shall be given, by recognisance in double the sum adjudged to be recovered by such former judgment, to prosecute the said writ of error with effect, and also to satisfy and pay the debts, damages, and cost adjudged upon the former judgment, and all costs and damages to be awarded for the same delaying of execution." With respect to the first point they contended, that as the words of the statute were positive, that the plaintiff in error shall enter into the recognisance with two sureties, no length of practice to the contrary would authorize the court to consider these words satisfied by a recognisance entered into by two sure-

ties, without the plaintiff in error. They further suggested, that the adjudications on the Statute of Charles could not control the present case under the Statute of James, which was differently worded.

The Court (consisting of Heath, Rooke and Chambre, Js.) made the rule absolute, being of the opinion, that they might without doing much violence to the statute, construe the words *with sureties* to mean *by sureties*.

The Statutes of Indiana, 1817, *p.* 7, and 1823, *p.* 131, regulating appeals, is almost verbatim with our own. And this identical point came up in *Thorn* vs. *Savage*, 1 *Blackf. R.* 59. It was a motion to dismiss an appeal from the Crawford Circuit Court, upon the ground, that the appeal bond had not been executed by the principal but by the surety alone. *Per curiam.* "If sufficient security be given for the due prosecution of the appeal, the statute requiring appeal bonds is in substance complied with. It would in many instances very improperly exclude a party from the privilege of appealing, if his own execution of the appeal bond could not be dispensed with."

A similar decision was made in Kentucky, in *Harrison, &c.* vs. *The Bank of that State*, 3 *J. J. Marshall, R.* 375. Upon their act establishing the Court of Appeals, one of the questions made was, whether the appeal bond executed by *sureties only*, was valid? The Court held that in their opinion, there could not be a reasonable doubt but that it was obligatory upon the sureties, and remark, that the principal would not be further bound by such bond, than without it. Did the occasion require it, analogous adjudications might be adduced from Massachusetts, South Carolina, and perhaps every other State in the Union, in none of which so far as I have examined, does the language of their respective statutes admit of so wide a departure from the construction insisted upon, as our own.

The opposite doctrine if it were yielded to, could answer no salutary purpose, and would in many cases, contravene both the public convenience and the public justice. Where the law does not irresistibly require the acquiescence and the sanction of this Court, it feels no disposition to encourage those formal niceties which almost universally hinder and delay, if they do not defeat, the ends of justice. We must regard substance more, and shadow less, otherwise we had better be without law.

The judgment below must be affirmed.