MADDOX *et al. v.* AMERICAN TRUST & BANKING CO.

A bond at the beginning of which was stated the case of a named plaintiff against a designated partnership as defendant and a third person as garnishee; which on its face purported to bind one of the partners "as principal and as a member of" that firm, and certain persons as sureties; which, after reciting the facts as to the suing out of the garnishment, was conditioned for the payment to the plaintiff in the case mentioned of "the amount which may be recovered and all costs therein in said garnishment;" and which was duly executed by such partner and the sureties, was, under section 4718 of the Civil Code, sufficient as to form, and, if solvent as to suretyship, was a good statutory bond for the purpose of dissolving the garnishment.

Argued December 13, 1899. — Decided January 31, 1900.

Garnishment. Before Judge Reid. City court of Atlanta. March term, 1899.

*C. D. Maddox,* for plaintiffs. *Ellis, Wimbish & Ellis* and *Gray, Brown & Randolph,* for defendant.

Lumpkin, P. J. If the headnote correctly lays down the law, this case was rightly decided in the court below. The material facts are as follows: J. J. & J. E. Maddox brought an action against E. S. Morris & Co., of which firm N. W. Murphy was a member, and caused a garnishment to be served on the American Trust and Banking Company. N. W. Murphy, for the purpose of dissolving the garnishment, executed a bond. At the beginning of the bond were these words: "J. J. & J. E. Maddox *vs.* E. S. Morris & Co., defendant, American Trust & Banking Co., garnishee." It then recited that "N. W. Murphy, as principal and as a member of the firm of E. S. Morris & Co.," and certain persons named as sureties, were bound unto J. J. & J. E. Maddox in a specified amount; and, after setting forth the facts as to the suing out of the garnishment, contained a condition that it was to be void "if the said N. W. Murphy shall pay to the said J. J. & J. E. Maddox the amount which may be recovered and all costs therein in said garnishment." The garnishee, upon notice from the clerk of the court that a satisfactory bond for the dissolution of the garnishment had been filed, paid to N. W. Murphy the money in its hands belonging

to E. S. Morris & Co.    Subsequently J. J. & J. E. Maddox obtained a judgment against E. S. Morris & Co., and, on the facts above stated and an admission by the Banking Company that at the time of receiving the summons of garnishment it owed Morris & Co. a stated amount, moved for a judgment against the company as garnishee.    The judge denied this motion, and J. J. & J. E. Maddox excepted.    They claimed the right to have such a judgment on the theory that the garnishment had never been dissolved, basing their contention to this effect on the proposition that the so-called "dissolving bond" was insufficient in law.    The only objection urged to it here was that it was not made in the name of and signed by E. S. Morris & Co., but by N. W. Murphy.    Before dealing with this point we will remark, in passing, that the condition in the bond for the payment of "the amount which may be recovered and all costs therein in said garnishment" is, in substance, the same as the condition specified in the statute for the payment "of the judgment that shall be rendered on said garnishment."

We do not know why the bond was not made in the name of E. S. Morris & Co.    This would have been the natural, proper, and manifestly correct way to frame it, but people will persist in doing things irregularly when it is easier to do them rightly.    They thus get themselves into trouble and occasion the courts much labor and vexation.    However, taking the bond as actually made, we think it was a good "dissolving bond," for two reasons.    In the first place, it was really binding on E. S. Morris & Co.    Murphy evidently intended to contract, not only for himself, but for his firm.    The bond refers to him as principal "and as a member of the firm of E. S. Morris & Co.," and it was plainly designed to dissolve a garnishment which tied up money belonging, not to Murphy, but to the partnership.    The words quoted could have no significance except upon the idea that Murphy meant to bind his firm, and this he certainly had authority to do.    If he had signed to the bond the partnership name, the act of signing, while it would have been his individual act, would undoubtedly have bound the firm.    In view of the recitals in the bond and of its purpose, we think the signature of N. W. Murphy to the bond had.

the same effect as if he had signed it "E. S. Morris & Co. by N. W. Murphy." But, secondly, we do not think it was absolutely necessary for E. S. Morris & Co. to sign the bond at all. It is true that the statute gives to the plaintiff the right at the proper time "to enter up judgment upon such bond against the principal and securities as judgment may be entered against securities on appeal," but, in so far as such a judgment affects the principal, there is really no need for it, for the plaintiff must already have obtained a judgment against him before he could enter a judgment on the bond. This court, in *Everett* v. *Westmoreland*, 92 *Ga*. 670, held : "Where a garnishment is sued out pendente lite by the plaintiff and dissolved by the defendant, there can be no judgment rendered on the bond given to dissolve the garnishment until after judgment is rendered in the main action in favor of the plaintiff against the defendant therein. This judgment must be against the defendant alone, and not against him jointly with the surety on the bond." A second judgment against the principal can add nothing whatever to the strength of plaintiff's position, for at the very time he seeks to enter judgment on the bond he actually has the principal's property bound by as efficacious a judgment lien as he could possibly obtain.

The question in hand is controlled by the principle laid down by this court in *Pettee* v. *Flewellen*, 2 *Ga*. 236, in which it was held that: "Under the judiciary act of 1799, allowing appeals to be entered upon the payment of costs and giving security for the eventual condemnation-money, the party appealing need not himself sign the bond." It will be seen from an examination of the opinion delivered in that case, which was not only well considered but supported by authorities, that the court placed its ruling on the idea that a second judgment against the principal debtor was a needless thing. It is to be observed that, at the time this case was decided, it was the right of the plaintiff in an appeal case, when the verdict on appeal was in his favor, "to enter up judgment against the principal and the security jointly or severally" (Cobb's Dig. 498); and this was so although the plaintiff may have already had a verdict against the principal from which the appeal had

been entered. Accordingly, the reasoning of Judge Lumpkin is quite applicable to a case like the present, in which, as we have seen, the plaintiff has the right to enter up judgment " as judgment may be entered against securities upon appeal."

As the garnishment was lawfully dissolved, the court was right in declining to allow the plaintiffs below to enter a judgment against the garnishee.

*Judgment affirmed. All the Justices concurring.*