## WEAVER *v.* TUTEN, administrator.

Evans, P. J.    1. Pending an issue formed on an affidavit of illegality to the levy of an execution, the judgment was amended, by order of court, to conform to the verdict on which it was predicated, and the execution was amended to conform to the amended judgment. The amendment of the judgment and execution did not cause the levy to fall (Civil Code of 1910, § 5697) ; and those grounds of illegality based on the variance between the verdict and judgment before amendment were properly stricken.

2. If a verdict, upon which a judgment is rendered by a court having jurisdiction of the subject-matter and parties, be erroneous, the error must be corrected by timely and proper exception to the verdict, and

can not be taken advantage of by affidavit of illegality; and grounds of illegality setting up such alleged error were properly stricken.

3. A judgment was rendered in favor of an administrator de bonis non against the sureties on the bond of the former administrator, and an execution based on the judgment was levied on the property of one of the sureties. The surety filed an affidavit of illegality on the ground, amongst others, that the administrator had no interest in the recovery of the fund but to distribute it among the heirs of his intestate, some of whom were indebted to the surety in stated amounts, which indebtedness it was prayed be set off on the ground of the insolvency of the surety's debtors. *Held*, that this ground was properly stricken. The judgment is in favor of the administrator in solido, and indebtedness of the heirs can not be set off against it.

4. The individual indebtedness of an administrator to a defendant, though agreed to by him to be a payment on a judgment in favor of himself as administrator of an intestate, is not a payment to him as administrator, and should not be credited on the judgment.

5. The statute provides a method by which shares in a bank or other corporation may be seized and sold under levy of an execution. Civil Code (1910), §§ 6035, 6036. Such levy is accomplished by giving notice thereof to the defendant in execution, if his residence be known, and also the officers or agent of the corporation in the county where the levy is made. A purchaser at the sale under such levy is entitled to a certificate of his purchase, which, on presentation to the officers of the corporation, shall authorize a transfer of the stock to him. A levy on stock of the corporation without the statutory notice is insufficient, and may be arrested on illegality. Where the evidence shows that the levy was made without compliance with the statute, it was erroneous to direct a verdict for the plaintiff and against the illegality. Princeton Bank *v.* Crozier, 2 Zabriskie, 383 (53 Am. D. 254); Blair *v.* Compton, 33 Mich. 414; Wagner *v.* Marple, 10 Tex. Civ. App. 505 (31 S. W. 691); People ex rel. Adams *v.* Goss & Phillips Mfg., 99 Ill. 355.

*Judgment reversed. All the Justices concur.*

AUGUST 10, 1915.

Affidavit of illegality of execution. Before Judge Conyers. Appling superior court. March 10, 1914.

*W. W. Bennett,* for plaintiff in error.