*L. C. Hoyl, W. H. Gurr,* contra.

---

## 6768. JACKSON *v.* HOGAN.

1. The judge of the superior court did not err in sustaining the certiorari and in entering a final judgment, the effect of which was to annul the judgment of the municipal court of Atlanta which denied and overruled an affidavit of illegality, interposed by a surety on a bond given to dissolve the garnishment, in which the garnishee had answered that the sum he was due to the defendant in garnishment was for wages.

2. An answer in which the garnishee sets up that the sum due by him to the defendant is for wages exempt from garnishment need not be traversed, if the defendant gives a dissolution bond; for the giving of such a bond changes the parties, by shifting the issue from one between the plaintiff and the garnishee to an issue between the plaintiff and the defendant. If, upon the filing of the bond, the garnishee pays the money which has been arrested by the process of garnishment, he is discharged, but inasmuch as upon an issue which may be adjudicated between the plaintiff and the defendant, touching the fund which was garnished and was thereafter released by the giving of a bond, the plaintiff, if he prevails, may forthwith enter judgment against the sureties upon the dissolution bond, such sureties, not having been parties in the previous litigation, may file an affidavit of illegality setting up either that the fund was not subject to garnishment, or any other defect by reason of which they are relieved from the obligation of the bond. Were this not so, the surety upon a bond given to dissolve a garnishment, against whom a judgment is entered, would not have had his day in court.

DECIDED JUNE 1, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. May 22, 1915.

*Gober & Jackson,* for plaintiff. *S. C. Crane,* for defendant.

RUSSELL, C. J. Jackson obtained a judgment against Foster and garnished the Georgia Railway & Power Company. The garnishee answered, admitting that it owed a stated amount to the defendant, but alleging that the money due to the defendant was earned by him as a daily, weekly, and monthly laborer, and was exempt from process of garnishment. Foster gave a bond to dissolve the garnishment, with Hogan as his security. Thereafter, on motion of the plaintiff, the justice of the peace before whom the

case was pending struck so much of the garnishee's answer as related to the exemption of the fund from process of garnishment, and entered judgment against the principal and the surety upon the bond given to dissolve the garnishment. To the levy of the fi. fa. issued upon this judgment, Hogan, the surety on the dissolution bond, interposed an affidavit of illegality, which was overruled, in the municipal court of Atlanta. The case was then taken by certiorari to the superior court, where the judgment was set aside; and the present bill of exceptions seeks to review the judgment of the superior court. It is insisted by counsel for the plaintiff in error that because the garnishee ceased to be a party to the garnishment proceedings, when the garnishment was dissolved by the defendant giving the dissolution bond, the parties were so changed that the only person interested in the further progress of the garnishment proceedings was the original defendant, Foster, and that therefore, after the plaintiff had obtained his judgment in the justice's court against the defendant, and because the garnishee was not following up his answer, or using diligence for the protection of his own rights, the plaintiff could strike from the garnishee's answer the clause which clearly showed that the fund which had been caught by the garnishment was exempt from that process, and thereafter proceed to enter up judgment against the principal and surety upon the dissolving bond. It is further insisted that after the judgment is taken against the principal and surety upon a dissolving bond it is too late, by affidavit of illegality, to go behind that judgment. Counsel is correct in the assumption that the making of the bond to dissolve the garnishment obviated any necessity to traverse the garnishee's answer. A hasty reading of the ruling in *Kuniansky* v. *Hogan,* 9 *Ga. App.* 482 (71 S. E. 777), may leave the impression that there was an intimation that one of the reasons underlying the decision in that case was that there was no traverse of the answer. However, that case, as is apparent from an examination of the citations, was decided mainly upon the ground that no previous judgment had been entered against the main defendant.

The headnotes sufficiently state the reasons why we conclude that there was no error in the judgment of the learned trial judge.

*Judgment affirmed.*