### 7759.  MIDDLETON v. JOHNSON.

BLOODWORTH, J.  1.  Before judgment can be rendered upon a bond dissolving a garnishment, two prior judgments are necessary, first a judgment in the main action, and then a judgment declaring the money or property subject. *National Surety Co.* v. *Medlock,* 2 *Ga. App.* 665 (58 S. E. 1131).

2. After the two judgments referred to in the preceding paragraph are obtained, the plaintiff may enter up judgment against the principal and the surety on the bond to dissolve the garnishment, as judgment may be entered against sureties on bail; and while the judgment may be against the principal and the surety jointly and severally, yet "a second judgment against the principal can add nothing whatever to the strength of plaintiff's position, for at the time he seeks to enter judgment on the bond he actually has the principal's property bound by as efficacious a judgment lien as he could possibly obtain." *Maddox* v. *American Trust & Bkg. Co.,* 109 *Ga.* 787 (35 S. E. 155); Civil Code, §§ 5280, 5937.

3. "It is too well settled now to admit of any discussion, that a surety on an eventual condemnation-money bond in an action of trover is bound by the judgment against his principal, and will not be heard after judgment to raise any question which could have been raised by his principal before judgment." *Waldrop* v. *Wolff,* 114 *Ga.* 620. The record in this case shows that the alleged payments for which the plaintiff in error claims his principal should be given credit were made before the judgment was rendered against him. *Craig* v. *Herring,* 80 *Ga.* 709 (6 S. E. 283); *Jackson* v. *Guilmartin,* 61 *Ga.* 544.

4. The trial judge did not err in sustaining the demurrer to the affidavit of illegality and dismissing the affidavit.

> *Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*
> DECIDED MARCH 15, 1917.

Affidavit of illegality; from city court of Baxley—Judge Sellers.  November 27, 1916.

*W. W. Bennett,* for plaintiff in error.  *D. M. Parker,* contra.