13930.  HAYGOOD *v.* CLARK COMPANY.

1. Where, under the terms of the Civil Code (1910), § 5280, a garnishment has been dissolved by the defendant, a valid judgment may be had "against the property or funds against which the garnishment was issued," upon the untraversed answer of the garnishee, even though the latter has died at the time of such judgment, and even though no representative of his estate has been made a party in his stead to the garnishment proceedings. The provisions of the Civil Code, § 5067, that "when any person, after being summoned as garnishee, shall die either before or after answer, the executor or administrator of such person shall be made a party by scire facias in the usual way," would not in such a case render the executor or administrator of the garnishee a necessary party to the judgment, "for the giving of such a bond changes the parties, by shifting the issue from one between the plaintiff and the garnishee to an issue between the plaintiff and the defendant." *Jackson* v. *Hogan*, 18 *Ga. App.* 219 (2) (89 S. E. 184); *Leake* v. *Tyner*, 112 *Ga.* 919 (38 S. E. 343).

2. "A judgment may be amended by order of the court in conformity to the verdict upon which it is predicated, even after an execution issues; and where such judgment has been so amended, and execution shall have previously issued thereon, the clerk of the court in which such judgment was rendered shall have power to amend the execution at

any time, so as to make it conform to the amended verdict, and such amendment shall not cause any levy thereon to fall." Civil Code of 1910, § 5697. Accordingly where an affidavit of illegality was interposed to a fi. fa., upon the ground that the judgment upon which the fi. fa. issued included certain interest not warranted by the pleadings, it was not error, as against the defendant, so to amend the judgment and fi. fa. as to eliminate the illegal interest, and thereafter to render judgment against the affidavit of illegality, " that the levy proceed " for the corrected sum. In such a case " the period of time between the rendition of the judgment and the amendment thereof is immaterial." *Elliott* v. *Wilks*, 16 *Ga. App.* 466 (1) (85 S. E. 679).

DECIDED JUNE 25, 1923.

Affidavit of illegality; from Troup superior court — Judge Roop. July 31, 1922.

E. B. Clark & Company brought a suit in Troup superior court against Mrs. Minnie May Haygood and Floyd Haygood, in which they recovered a judgment on August 9, 1920, for $947.51 principal and $285.93 interest, besides costs. Garnishment proceedings were instituted pending the suit, and a summons was served upon J. B. David, as administrator upon the estate of Mrs. May A. Kendrick, deceased, returnable to the superior court of Muscogee county, in which county the garnishee resided. On February 11, 1919, the garnishee answered that he had nothing belonging to Floyd Haygood, but that he had the sum of $1,750 in money, besides property by him estimated to be of the value of $680, belonging to Mrs. Haygood, as one of the heirs of his intestate, Mrs. Kendrick. On November 7, 1919, Mrs. Haygood dissolved the garnishment by giving a bond with T. M. Haygood (the plaintiff in error) and others as securities. The garnishee died on March 28, 1921. His executors qualified in the court of ordinary of Muscogee county on April 9 thereafter, but they were never made parties to the garnishment proceedings in which the answer of their testator had previously been made. This answer was never traversed. After the judgment of August 9, 1920, in the main suit, and after the death of the garnishee, a judgment was rendered in the superior court of Muscogee county, as follows: " It appearing to the court that on August 9th, 1920, the plaintiff, E. B. Clark Company, obtained judgment against the defendants, Mrs. Minnie May Haygood and Floyd Haygood, in Troup superior court, which judgment has been affirmed by the Court of Appeals, and the amount of said judgment, including principal, interest and cost up to this date is $1349.98, now it is ordered

and adjudged by the court that the plaintiff, E. B. Clark Company, have judgment against the property of Mrs. Minnie May Haygood in the hands of J. B. David, administrator aforesaid, garnishee, for the said amount of $1349.98, and $15.00 cost in this court." Subsequently, to wit, on November 7, 1921, a judgment was rendered in Troup superior court against the principal and sureties in the dissolution bond (including the plaintiff in error), for "the sum of $1349.98 principal, $16.44 interest, and $84.00 costs, the same being the amount of principal, interest, and cost being due on said original judgment to this date, and the costs on the garnishment proceedings, and being a less sum than the said garnishee answered that he was due the said Mrs. Minnie May Haygood, principal, and that execution issue accordingly. Said $1320.48[ ?] to draw interest at 8 per cent. from this date."

A fi. fa. was issued upon this judgment and levied upon certain property of T. M. Haygood, who filed an affidavit of illegality, attacking the judgment out of which the fi. fa. issued, upon two grounds: First, it was contended that the judgment rendered in Muscogee superior court upon the answer of the garnishee was invalid for the reason that the garnishee had previously died and his executors had never at the time been made parties to the garnishment proceedings, and that therefore the judgment upon the bond was not supported by the prerequisites of a valid judgment against the garnishee. Second (to quote from the affidavit of illegality itself), "that said execution issued and is proceeding against him illegally by reason of the following facts, viz., the case of E. B. Clark & Co. against said principals, Mrs. Minnie M. Haygood and Floyd Haygood, was based on a promissory note for the principal sum of $947.51, which was due November 1, 1916, which stipulates for 8% per annum interest from maturity until paid. The case was tried on the 9th day of August, 1920, and there was a verdict against the defendants for the full amount, principal and interest, the principal being the $947.51 as stated in the note. Thereafter the plaintiff, E. B. Clark & Co., in entering up judgment in Troup superior court against the said principals and against this affiant and Woodall and Goldstein as securities, merged the principal and interest due on said note and took judgment for $1,320.48 principal, and $16.44 as interest. This affiant says that the principal of the indebtedness due by the

makers of said note can not in any event be more than the $947.51, the face value of the note sued, with eight per cent. per annum from November 1st, 1916.   To merge the principal and interest in the judgment will give the plaintiffs compound interest, which the law does not allow.   The plaintiffs can only collect, and this affiant and the other sureties are only liable, if liable at all, for the principal debt with 8 per cent. per annum interest."

The issue formed by the affidavit of illegality was submitted to Judge Roop, upon an agreed statement of facts, and from his judgment we quote in part as follows:   " It appeared that at the July term, 1920, of said court a judgment was entered upon the verdict in the main case in favor of plaintiffs against the defendants, Minnie M. Haygood and Floyd Haygood, for $947.51 principal, $285.93 interest and . . cost, with interest on the principal after judgment, at the rate of 8% per annum.   A writ of error was sued out to the . .   [Court of Appeals], and that court affirmed the judgment of the lower court.   It further appears that in taking judgment against the funds, admitted by the garnishee to be in his hands subject to garnishment, the principal, interest, and cost recovered as aforesaid in the main case were added together in one lump sum, and judgment rendered in one sum for $1,349.98 and $15 cost.   Likewise, in taking judgment against the principal and surety on the bond to dissolve the garnishment, the judgment in question, said amounts were added together and judgment rendered for plaintiff in one lump sum, to wit: $1,320.48[?] principal, $16.44 interest, and $84 cost, with interest on the principal at the rate of 8 per cent. per annum from the date of the judgment, to wit: Nov. 7th, 1921.   It further appears that at the time the judgment was rendered against the funds in the hands of the garnishee, the garnishee, J. B. David, was dead, and his legal representative was not made a party to the suit.   The defendant in fi. fa., Thomas M. Haygood, insists that the fi. fa. is proceeding illegally because there is no valid judgment on the bond, for the reason that at the time the judgment was rendered against the funds in the garnishment proceedings the garnishee was dead.   The court is of the opinion that the judgment against the funds, attacked in the illegality, is not void on account of the garnishee being dead, he having in his life answered the garnishment, admitting that he had more than sufficient funds in his

hands to pay off the debt, or the judgment obtained in the main case, which was subject to garnishment, and his answer not being traversed. The only purpose of this judgment is to determine the extent of liability on the garnishment bond; and the judgment, under the law, is against the funds only. This judgment cannot be enforced in any way against the garnishee. Said judgment is to determine the amount in the hands of the garnishee for which judgment could have been rendered against him in the event the bond had not been given dissolving the garnishment.

"The defendant in fi. fa., Thomas M. Haygood, further attacks the judgment, in his affidavit of illegality, on the ground that the judgment should draw interest at 8 per cent. per annum only on the amount of principal of the judgment in the main case, to wit, $947.51. The court is of the opinion that the judgment on the garnishment bond, for which the fi. fa. in question issued, should have been against the principal and surety on said bond for the recovery of the several amounts named in the judgment in the main case, to wit: $947.51 principal, $285.93 interest, and $29.50 cost, with interest on the principal sum at the rate of 8 per cent. per annum from August 9th, 1920, and $84 cost. Said judgment on the garnishment bond, on motion of counsel for plaintiff in fi. fa., made as aforesaid, is amended accordingly, and the clerk of Troup superior court is ordered to amend the fi. fa. in this case accordingly; and the court finds against the plea of illegality and renders judgment that the levy proceed for the amount specified in the judgment as herein amended, and that the plaintiffs have and recover of the defendant, Thomas M. Haygood, $—— cost of this illegality."

The case came here upon exceptions by Haygood to this judgment.

*C. J. Lester*, for plaintiff in error.

*Hatton Lovejoy, E. T. Moon*, contra.

BELL, J. (After stating the foregoing facts.) Two questions only are presented. First, was the judgment which was taken in Muscogee superior court upon the answer of the garnishee valid, when the garnishee had died and his representatives had not been made parties to the proceedings? Secondly, if, in entering judgment against the principal and securities in the bond given to dissolve the garnishment, the principal was combined with other items,

with the provision that interest should accrue upon the aggregate sum thus obtained, was the court right in amending the judgment and execution so as to eliminate the illegal interest, when passing upon the illegality?

1. " Before judgment can be rendered upon a bond dissolving a garnishment, two prior judgments must have been rendered, — first, a judgment in the main action; and second, a judgment declaring the money or property subject. *National Surety Co.* v. *Medlock, 2 Ga. App.* 669 (58 S. E. 1131) ; *Middleton* v. *Johnson, 19 Ga. App.* 478 (91 S. E. 785)." *Simerly* v. *Brooks, 21 Ga. App.* 169 (2) (93 S. E. 1017). Assuming that the plaintiff in error is in time (*Jackson* v. *Hogan, 18 Ga. App.* 219 (2), 89 S. E. 184), in making the attack upon the judgment rendered by the superior court of Muscogee county upon the answer of the garnishee, we are of the opinion that the judgment is not subject to the objection which is made. While it is provided in the Civil Code (1910), § 5607, that " when any person, after being summoned as garnishee, shall die either before or after answer, the executor or administrator of such person shall be made a party by scire facias in the usual way," it would seem that a compliance with this section is unnecessary where the garnishment has been dissolved and the answer is not traversed. " The statute makes it the duty of the garnishee to file his answer notwithstanding the garnishment has been dissolved, and the amount of the judgment upon the bond given to dissolve the garnishment is dependent upon the judgment rendered on the garnishment proceeding. When the garnishee files his answer it becomes the duty of the court to determine whether the fund or property which the answer shows was in the hands of the garnishee at the date of the service, or which came into his hands between the date of the service and the date of his answer, would have been subject to the garnishment if it had not been dissolved; and if so, the court should enter a judgment to that effect, stating in the judgment the amount that the garnishee would have been held liable for in the event the garnishment had not been dissolved. Upon the rendition of a judgment of this character, the court has authority to enter a judgment against the defendant and the sureties on the bond given to dissolve the garnishment." *Garden* v. *Crutchfield, 112 Ga.* 274 (2), 276 (37 S. E. 368, 369).

" The averments of fact in a garnishee's answer must be taken as true unless traversed." *Darlington* v. *Belt,* 12 *Ga. App.* 522 (77 S. E. 653) ; *Harris* v. *Exchange Bank of Fort Valley,* 17 *Ga. App.* 700 (1) (88 S. E. 40). The answer was not traversed. " The garnishee, upon answering, shall be discharged from all further liability, and the plaintiff's remedy shall be upon the bond so executed as aforesaid." Civil Code (1910), § 5283; *Turner's Chapel A. M. E. Church* v. *Lord Lumber Co.,* 121 *Ga.* 376, 377 (49 S. E. 272). Again, as was said in *Leake* v. *Tyner,* supra, " Section 4718 of the Civil Code [Civil Code of 1910, § 5280] expressly gives to the defendant in a garnishment proceeding the right to dissolve the garnishment by giving a bond payable to the plaintiff, conditioned for the payment of the judgment rendered on the garnishment. In case of a dissolution the garnishee must nevertheless answer, but, on answering, is discharged from all further liability, and the remedy of the plaintiff is on the bond given by the defendant to dissolve. Civil Code [of 1895], § 4721 [Civil Code of 1910, § 5283]. It is true that after dissolution, as before, the plaintiff may traverse the truth of the answer of the garnishee, and such traverse raises an issue to be tried, but the result of such trial does not in any event create any liability on the part of the garnishee, nor can any judgment be rendered therein against him. If the judgment rendered on the trial of the issue finds the funds in the garnishee's hands subject, the plaintiff may enter up judgment against the principal and sureties on the bond to dissolve, for the amount so found. Thus it will be seen that where the defendant dissolves the garnishment and thereby obligates himself to pay the judgment rendered on the garnishment, he becomes directly interested in the question raised, whether the garnished funds are subject, while by the act of dissolution all interest in the question is lost by the garnishee. In other words, by the act of dissolution the parties to the issue are changed." See also *Jackson* v. *Hogan,* supra, wherein it was ruled similarly by this court, that " the giving of such a bond changes the parties, by shifting the issue from one between the plaintiff and the garnishee to an issue between the plaintiff and the defendant." It would even seem that it is immaterial that the answer was not traversed. " The plaintiff may enter up judgment upon such bond against the principal and securities, as judgment may be

entered against securities upon appeal, whenever said plaintiff shall obtain the judgment of the court against the property or funds against which garnishment was issued." Civil Code (1910), § 5280.

While a dissolution bond may be given either by the defendant (Civil Code of 1910, § 5281), or by a third person who claims the fund (§ 5282), and while § 5289 may be applicable only to a bond given by the latter, its provisions may be noted: "The claimant of any fund or property, to whom the same may have been paid or delivered upon the dissolution of the garnishment in the manner before prescribed, shall be a party to all further proceedings upon said garnishment; and judgment shall be had instanter upon said bond for any sums or the value of any property that may be found to have been in the hands of said garnishee, liable to the operation of said summons of garnishment." Under the decisions above cited, the rule would appear to be the same in case of a bond by the former.

We therefore conclude that, the garnishment proceedings having been dissolved, it was not necessary to the validity of the judgment upon the garnishee's untraversed answer that the executors of the garnishee, who had died, should have been made parties to the proceedings. After answering, the garnishee was no longer a party. The estate of the garnishee could in no way have been affected by the judgment, and the executors were not necessary parties thereto. Accordingly, we think that the views of the learned trial judge upon this question were correct. Whether, when it may be necessary to make parties, upon the death of one garnished as administrator, the new party should be the legal representative of the person who was administrator, or rather his successor in the office, is a question not arising at this time, since we are deciding that upon facts disclosed no new party whatsoever was required to be made.

2. Neither was it error to amend the judgment and the fi. fa. in order to make them conform to the pleadings. The effect of the judge's order in this respect was really to sustain in part the affidavit of illegality. The only defect pointed out by this ground was the fact that the original principal had been added to other items with interest accruing upon the *aggregate*. It was objected that this was an allowance of compound interest, and it was in

response to the affidavit of illegality that the judgment and the fi. fa. were so corrected as to eliminate the alleged defect. "A judgment may be amended by order of the court in conformity to the verdict upon which it is predicated, even after an execution issues; and where such judgment has been so amended, and execution shall have previously issued thereon, the clerk of the court in which such judgment was rendered shall have power to amend the execution at any time, so as to make it conform to the amended judgment, and such amendment shall not cause any levy thereon to fall." Civil Code (1910), § 5697; *Elliott* v. *Wilkes,* supra; *Scarborough* v. *Merchants & Farmers Bank,* 131 *Ga.* 590 (62 S. E. 1040); *Weaver* v. *Tuten,* 144 *Ga.* 8 (1) (85 S. E. 1048).

There was no error in the amendment; and, besides, the plaintiff in error was benefited by it and would hardly be heard to complain.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*