39611.   BROYLES v. JOHNSON.

DECIDED SEPTEMBER 5, 1962—REHEARING DENIED
OCTOBER 1, 1962.

*Jack Broyles*, for plaintiff in error.

*Herbert Johnson*, contra.

NICHOLS, Presiding Judge.   1. Count 1 of the petition in the

present case has attached thereto as an exhibit the petition and decision of this court in the case of *Broyles v. Johnson,* 99 Ga. App. 69 (107 SE2d 851). In that case and in count 1 of the present case after the equitable feature was eliminated by amendment, the plaintiff was seeking to recover from a stockholder, in an action at law, a share of profits of a corporation where no dividends had been declared. Under the decision in that case the trial court did not err in sustaining the general demurrer and dismissing such count of plaintiff's petition.

2. Count 2 of the petition in the present case seeks to recover the assignee's interest in corporate stock assigned as security to the defendant and sold by the sheriff to satisfy a judgment obtained by the defendant here against the plaintiff's assignor. It is alleged that the sheriff's sale was void because the levy on such stock was "made on March 28, 1957, and that defendant did not file and have recorded his reassignment for levy and sale until April 4, 1957."

This count does not allege how the levy on the stock was made, nor is it contended that such levy did not follow the procedure for levying on stock of a domestic corporation. Therefore, it must be presumed that the levy and sale were in accordance with *Code* §§ 39-123 and 39-124. "The statute provides a method by which shares in a bank or other corporation may be seized and sold under levy of an execution. . . Such levy is accomplished by giving notice thereof to the defendant in execution, if his residence be known, and also the officers or agent of the corporation in the county where the levy is made. A purchaser at the sale under such levy is entitled to a certificate of his purchase, which on presentation to the officers of the corporation, shall authorize a transfer of the stock to him." *Weaver v. Tuten,* 144 Ga. 8, 9 (85 SE 1048). The cases relied upon by the plaintiff to support the contention that the sale was void because the defendant failed to have his reassignment for levy and sale recorded until after the levy was made refer to sales of realty and not to corporate stock (a chose in action), which would not be subject to levy and sale except for the procedure authorized by the General Assembly. See *Fourth Nat. Bank of Macon v. Swift & Co.,* 160 Ga. 372, 375 (127 SE 729), and citations. The plaintiff's petition did not raise any question as to adverse claims to

the fund derived from the sale of the stock, nor does the plaintiff's petition seek to assert that his title, as assignee, was such that a proper levy on the stock would not lie.

The sale was not void for the reason alleged in count 2 of the petition, and the trial court did not err in sustaining the defendant's general demurrers to such count.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*